[No. 60248-9-I.   Division One.   July 14, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. CIPRIANO BAHIT NONOG, *Appellant*.

*Maureen M. Cyr* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *William L. Doyle, Deputy*, for respondent.

¶1 BECKER, J. — An information that alleges the crime of interfering with the reporting of domestic violence must specify the underlying crime of domestic violence. We hold that an information that is challenged for the first time on appeal sufficiently defines the charge of interfering if the count alleging the crime contains all the statutory elements and makes clear that the underlying crime of domestic violence is delineated elsewhere in the information.

¶2 A domestic violence no-contact order prohibited appellant Cipriano Nonog from having any contact with his ex-girlfriend, Nanette Estandian. On March 30, 2006, Estandian came home with a friend and found Nonog inside. She attempted to call 911 from her cell phone. Nonog grabbed her cell phone from her and threw it against a wall. Estandian was finally able to call 911 using her friend's cell phone.

¶3 A week later, Estandian saw Nonog walk out of her house as she was pulling into her driveway. Estandian

locked herself in her car and called 911. A week after that, Estandian called 911 to report that Nonog had again entered her house without permission while she was home.

¶4 The State charged Nonog with five counts relating to these three encounters. A jury convicted him only on the three counts relating to the March 30, 2006 incident. Count 1 was felony violation of a domestic violence protection order. Count 2 was residential burglary—domestic violence. Count 4 was interfering with domestic violence reporting. Nonog appeals.

## SUFFICIENCY OF INFORMATION

¶5 Nonog challenges the sufficiency of the information as to count 4. For an information to be constitutionally adequate, all essential elements of the crime must be included in the charging document. *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). Because Nonog has challenged the information for the first time on appeal, it will be liberally construed in favor of validity using the two-prong test of *Kjorsvik*. The primary question is whether the necessary facts appear in any form, or by fair construction can be found, in the charging document, however inartfully it may be worded. If so, the information will be held sufficient unless the defendant suffered actual prejudice as a result of the inartful charging language. *Kjorsvik*, 117 Wn.2d at 105-06.

¶6 In addition to adequately identifying the crime charged, the charging document must allege facts supporting every element of the offense. *State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989). "This is not quite the same" as a requirement to state every statutory element of the crime charged. *Leach*, 113 Wn.2d at 689. The charge must be defined sufficiently to apprise an accused with reasonable certainty of the nature of the accusation against that person, "to the end that the accused may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense." *Leach*, 113 Wn.2d at 688.

Merely reciting the statutory elements of the crime charged may not be adequate unless the statute defines the offense with certainty. *Kjorsvik*, 117 Wn.2d at 98; *Leach*, 113 Wn.2d at 688.

¶7 A necessary statutory element of interfering with domestic violence reporting is commission of a crime of domestic violence.

(1) A person commits the crime of interfering with the reporting of domestic violence if the person:

(a) Commits a crime of domestic violence, as defined in RCW 10.99.020; and

(b) Prevents or attempts to prevent the victim of or a witness to that domestic violence crime from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official.

(2) Commission of a crime of domestic violence under subsection (1) of this section is a necessary element of the crime of interfering with the reporting of domestic violence.

RCW 9A.36.150.

¶8 A crime of "domestic violence" is one defined in RCW 10.99.020. This statute presently defines "domestic violence" as including, but not being limited to, 23 different crimes. RCW 10.99.020(3). An opinion by Division Two of this court holds that an information charging the crime of interfering with domestic violence reporting must, in order to define the crime sufficiently, specify the underlying domestic violence crime and the identity of the victim. *State v. Clowes*, 104 Wn. App. 935, 942, 18 P.3d 596 (2001). It is important to keep in mind that the particular underlying domestic violence crime and the identity of the victim are neither statutory nor implied elements of the crime of interfering with domestic violence reporting. Rather, they are facts that must be alleged to support the elements of the crime.

¶9 In this case, count 4 recites the statutory elements and identifies the victim, but it does not specify the underlying domestic violence crime. Nonog contends his convic-

tion on this count must be reversed because the information is deficient under *Clowes.*

¶10 The State does not dispute that the nature of the underlying domestic violence crime is a necessary fact that must be included in the information but responds that it can be found elsewhere in the charging document by a fair and liberal construction. Count 1 and count 2 alleged domestic violence crimes—felony violation of a protection order and residential burglary—both occurring on the same day as the facts alleged in count 4. And count 4 alleged that the crime of domestic violence reporting was "a crime of the same or similar character and based on the same conduct as another crime charged herein . . . so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the other."[1] The crimes of domestic violence alleged in counts 1 and 2 were the only crimes charged in the information that would fit this description because they occurred on the same date as count 4.

¶11 *Clowes* states that it is impermissible to "fill voids in a defective count with facts located elsewhere in the information." *Clowes,* 104 Wn. App. at 942. In *Clowes,* count 2 of the information charged the crime of interfering with reporting of domestic violence. *Clowes,* 104 Wn. App. at 941.

---

[1] Count 4, in its entirety, states:

And I, Norm Maleng, Prosecuting Attorney aforesaid further do accuse CIPRIANO BAHIT NONOG of the crime of **Interfering with Domestic Violence Reporting**, a crime of the same or similar character and based on the same conduct as another crime charged herein, which crimes were part of a common scheme or plan and which crimes were so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the other, committed as follows:

That the defendant CIPRIANO BAHIT NONOG in King County, Washington on or about *March 30, 2006,* having committed a crime of domestic violence as defined by RCW 10.99.020, did intentionally prevent or attempt to prevent Nanette Estandian, the victim of that crime, from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official;

Contrary to RCW 9A.36.150, and against the peace and dignity of the State of Washington.

Clerk's Papers at 11-12 (emphasis added).

It did not specify the underlying domestic violence crime or the identity of the victim. The State argued that these details could be found by reading count 2 in conjunction with count 1, which alleged that the defendant had assaulted a named victim and thereby committed a felony violation of a no-contact order. Both crimes were alleged to have occurred on the same day. The court determined, however, that it was required to view count 2 "in isolation." The court found that count 2 was deficient and dismissed the conviction on that count without prejudice. *Clowes*, 104 Wn. App. at 942.

¶12 We disagree with *Clowes*, as did Division Three in *State v. Laramie*, 141 Wn. App. 332, 169 P.3d 859 (2007). To say that each count must be viewed in total isolation states the law too broadly. We agree with the analysis in *Laramie*.

¶13 Count 4 of the information in *Laramie* charged the crime of interfering with domestic violence reporting. *Laramie*, 141 Wn. App. at 337. It contained all statutory elements, but it did not specify the name of the victim or the nature of the underlying domestic violence crime. The court nevertheless found the crime charged was sufficiently defined by considering count 4 in conjunction with the rest of the information:

> We cannot agree with the reasoning in *Clowes*. We find nothing in *Kjorsvik* to suggest that in giving a liberal construction to an information, a reviewing court must limit its inquiry to the specific count at issue. Though *Kjorsvik* involved a single-count information, the court emphasized that "[w]ords in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied." *Kjorsvik*, 117 Wn.2d at 109 (citing *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982)). The court subsequently applied the liberal construction rule in the context of multiple-count indictments, without any suggestion that its review of the *charging document as a whole* was limited to the count at issue. *See [State v.] Davis*, 119 Wn.2d[ 657,] 661-64[, 835 P.2d 1039 (1991)]; *State v. Hopper*, 118 Wn.2d 151, 156-57, 822 P.2d 775 (1992).

Moreover, reading each count in isolation seems particularly artificial when, as here, the alleged deficiency in the charge concerns supporting facts rather than legal elements of the charge. *See State v. Winings*, 126 Wn. App. 75, 85, 107 P.3d 141 (2005) (distinguishing between deficient and merely vague charges, and noting the information need not describe facts with great specificity). It is one thing to pluck elements such as intent or knowledge from unrelated counts, but when multiple counts arise out of the same or related facts, a commonsense construction should prevail. *Kjorsvik*, 117 Wn.2d at 108-09. The failure to allege specific facts in an information may render the charging document vague, but it is not constitutionally defective. *State v. Leach*, 113 Wn.2d 679, 686-87, 782 P.2d 552 (1989).

*Laramie*, 141 Wn. App. at 339-40 (footnote omitted). In *Laramie*, the supporting facts not specified in count 4 could be "fairly inferred from other language within the charging document, giving the information a liberal, sensible construction as required under *Kjorsvik*." *Laramie*, 141 Wn. App. at 340. The identity of the victim was unambiguous, and the assaults upon her were sufficiently described. Accordingly, the court concluded that the information, "while not a model of clarity," satisfied the first prong of the *Kjorsvik* analysis. *Laramie*, 141 Wn. App. at 340.

¶14 As stated by Division Three, the application of the essential elements rule in *Clowes* was "over-technical." *Laramie*, 141 Wn. App. at 340 n.2. *Clowes* relied on *State v. Gill*, 103 Wn. App. 435, 13 P.3d 646 (2000), but gave *Gill* a broader reading than necessary. In *Gill*, a count of harassment against one person failed to allege that the threat in question was made "knowingly" and "without lawful authority." *Gill*, 103 Wn. App. at 441. The State argued that the deficiency could be cured by resort to another count in the same information that used the words "knowingly" and "without lawful authority" in alleging a different threat against a different person. The court understandably refused the State's invitation to "pull missing elements from one count and insert them into another." *Gill*, 103 Wn. App. at 442.

¶15 The analysis in *Gill* is entirely correct and consistent with a long line of cases holding that each count in itself must charge a crime. *See, e.g., State v. Unosawa,* 29 Wn.2d 578, 587-89, 188 P.2d 104 (1948). Once the court is satisfied that the particular count in question does charge "all of the statutory elements of the particular crime involved," then the court may look to the information as a whole to determine whether a person of common understanding can read it and "know the exact nature of the charge against him." *Unosawa,* 29 Wn.2d at 589 (where a count charging manslaughter failed to allege the statutory element of intent to use certain instruments to produce a miscarriage, it was inadequate even though a separate count charging abortion alleged such intent).

¶16 Unlike in *Gill* and *Unosawa,* here the count at issue did, in itself, charge all the statutory elements of the crime of interfering with domestic violence reporting. As in *Laramie,* the alleged deficiency in the charge concerns supporting facts rather than statutory elements. A person of common understanding would know, by reading counts 1 and 2, which domestic violence crimes Estandian was trying to report when Nonog allegedly interfered with her.

¶17 Nonog has not argued that he was actually prejudiced by any inartfulness in the charging language. We reject Nonog's challenge to the sufficiency of the information.

## ALTERNATIVE MEANS

¶18 Nonog also claims his conviction for interfering with domestic violence reporting must be reversed on the ground that it is a crime that can be committed by three distinct statutory means, and the jury was instructed on all three means but only one of them was supported by substantial evidence.

¶19 Where a single offense may be committed in more than one way, there must be jury unanimity as to guilt for the single crime charged. Unanimity is not required,

however, as to the means by which the crime was committed, so long as substantial evidence supports each alternative means. *State v. Kitchen*, 110 Wn.2d 403, 410, 756 P.2d 105 (1988).

¶20 Typically, an alternative means statute will state a single offense, using subsections to set forth more than one means by which the offense may be committed. *State v. Smith*, 159 Wn.2d 778, 784, 154 P.3d 873 (2007). Our courts have resisted efforts to interpret statutory definitions as creating additional means, or means within a means, of committing an offense. *See Smith*, 159 Wn.2d at 785-86 and cases cited therein. Merely because a definition statute states methods of committing a crime in the disjunctive does not mean that the definition creates alternative means of committing the crime. *State v. Laico*, 97 Wn. App. 759, 762, 987 P.2d 638 (1999). The State suggests that the three ways in which a victim or witness might try to report a crime of domestic violence are simply definitional and that the crime itself may be committed by only one means, i.e., by preventing (or attempting to prevent) the victim or witness from making a report.

¶21 A person commits the crime of interfering with the reporting of domestic violence if the person:

(a) Commits a crime of domestic violence, as defined in RCW 10.99.020; and

(b) Prevents or attempts to prevent the victim of or a witness to that domestic violence crime from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official.

RCW 9A.36.150(1).

¶22 The variations in RCW 9A.36.150(1) are in the conduct of the would-be reporter rather than in the conduct of the interferer, but they are not merely descriptive or definitional of essential terms. The variations are themselves essential terms. The statute is structured similarly to RCW 9A.72.120, the statute that defines the crime of "tampering with a witness." Tampering may be committed

by inducing a witness to testify falsely, to be absent from official proceedings, or to withhold information from a law enforcement agency. RCW 9A.72.120. Witness tampering is regarded as an alternative means crime. *State v. Fleming*, 140 Wn. App. 132, 135-37, 170 P.3d 50 (2007). Interfering with reporting of a crime of domestic violence must similarly be regarded as an alternative means crime because the statute does not criminalize all acts that might appear to constitute interfering with the reporting of domestic violence. Interference is culpable only when a victim or witness is trying to report the crime to a particular entity.

¶23 The jury heard evidence that when Estandian tried to call 911 upon finding Nonog illegally present in her home on March 30, 2006, he took her cell phone and threw it against the wall. There was no evidence that he tried to prevent her from obtaining medical assistance or making a report to law enforcement about that incident. The "to-convict" instruction limited consideration to just one means: "That the defendant prevented or attempted to prevent Nanette Estandian from calling a 911 emergency communication system." As well, the State's closing argument focused only on Nonog's efforts to prevent Estandian from calling 911. The State did not invite the jury to consider whether he also prevented her from reporting the domestic violence crimes in the two other ways contemplated by the statute. So, even though the jury received an instruction defining the crime in the language of the statute including all three means, only one means was presented to the jury. For that means there was sufficient evidence. *See Fleming*, 140 Wn. App. at 136-37. Accordingly, we conclude there was no possibility the jury convicted on a means that was unsupported by the evidence.

## OTHER ISSUES

¶24 Without objection, the trial court included in Nonog's offender score a prior California conviction for first degree burglary. On appeal, Nonog points out that Califor-

nia's burglary statute is not legally comparable to Washington's. *See State v. Thomas*, 135 Wn. App. 474, 486, 144 P.3d 1178 (2006). The parties agree that the case should be remanded for resentencing so a factual comparability analysis can be conducted. Remand is the appropriate remedy where, as here, the out-of-state crime is not legally comparable and trial counsel fails to object. *State v. Thiefault*, 160 Wn.2d 409, 417, 158 P.3d 580 (2007).

¶25 The judgment and sentence for count 1, felony violation of a court order, inaccurately states that Nonog was found guilty of the crime under RCW 26.50.110(1), (4), and (5). Under RCW 26.50.110(4), a person commits felony violation of a court order if he violates the order by committing an assault. Under RCW 26.50.110(5), a person commits felony violation of a court order if he violates a court order and has at least two previous convictions for violating the provisions of a no-contact order. The State charged Nonog with violating both subdivisions, but the jury was not instructed on the assault alternative. The parties agree that the judgment and sentence should be corrected to omit the statutory reference to subsection (4).

¶26 The conviction is affirmed. The case is remanded for resentencing and to correct the judgment and sentence.

GROSSE and COX, JJ., concur.

Review granted at 165 Wn.2d 1027 (2009).