[No. 82094-5.   En Banc.]
Argued February 25, 2010.   Decided July 22, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. CIPRIANO BAHIT NONOG, *Petitioner*.

*Maureen M. Cyr* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Brian M. McDonald, Deputy*, for respondent.

¶1 STEPHENS, J. — This case concerns whether the information charging the defendant with interfering with the reporting of domestic violence under RCW 9A.36.150 was constitutionally sufficient. The count charging interfering with reporting did not specify the underlying domestic violence crime but alleged that the defendant "committed a crime of domestic violence as defined by RCW 10.99.020" on a certain day. Clerk's Papers (CP) at 11. Two other counts in the information charged specific domestic violence crimes occurring the same day. We hold that the information, when liberally construed, was sufficient because it reasonably apprised the defendant that the underlying domestic violence crimes were those alleged elsewhere in the information. We therefore affirm the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

¶2 The King County Superior Court issued a no-contact order barring Cipriano Bahit Nonog from contact with Nanette Estandian. *State v. Nonog*, 145 Wn. App. 802, 805, 187 P.3d 335 (2008). On March 30, 2006, Estandian came home with a friend to find Nonog inside her house. She tried to phone the police, but Nonog grabbed her cell phone and threw it against the wall. Estandian had to use her friend's cell phone to call 911. Over the next two weeks, Estandian called the police on two occasions to report that Nonog had again entered her home without permission. *Id.* at 805-06.

¶3 The State charged Nonog with five offenses: (I) felony violation of the no-contact order on March 30, 2006; (II) residential burglary—domestic violence on March 30, 2006; (III) felony violation of the no-contact order on April 8, 2006; (IV) interfering with domestic violence reporting on March 30, 2006; and (V) felony violation of the no-contact order on April 16, 2006. CP at 10-12. Count IV of the information read as follows:

And I, Norm Maleng, Prosecuting Attorney aforesaid further do accuse CIPRIANO BAHIT NONOG of the crime of **Interfering with Domestic Violence Reporting**, a crime of the same or similar character and based on the same conduct as another crime charged herein, which crimes were part of a common scheme or plan and which crimes were so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the other, committed as follows:

That the defendant CIPRIANO BAHIT NONOG in King County, Washington on or about March 30, 2006, having committed a crime of domestic violence as defined by RCW 10.99.020, did intentionally prevent or attempt to prevent Nanette Estandian, the victim of that crime, from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official;

Contrary to RCW 9A.36.150, and against the peace and dignity of the State of Washington.

*Id.* at 11-12. Nonog did not request a bill of particulars. At trial the jury convicted Nonog only of the three counts arising from March 30, 2006 (counts I, II, and IV). *Nonog*, 145 Wn. App. at 806.

¶4 On appeal, Nonog argued for the first time that count IV was constitutionally defective because it did not allege all of the elements of the crime of interfering with domestic violence reporting.[1] Specifically, count IV did not specify the underlying domestic violence crime that the victim attempted to report. Because the information did not set forth the specific domestic violence crime, Nonog argued that his conviction on count IV must be reversed. A Division Two case, *State v. Clowes*, 104 Wn. App. 935, 942, 18 P.3d 596 (2001), supports this contention.

¶5 Rejecting Nonog's argument, the Court of Appeals expressly disagreed with *Clowes* and adopted the view of Division Three in *State v. Laramie*, 141 Wn. App. 332, 339-40, 169 P.3d 859 (2007), which likewise rejected

---

[1] Nonog raised other claims in the Court of Appeals but the only issue here is the sufficiency of the information.

*Clowes. Nonog*, 145 Wn. App. at 809-10. The court held that count IV contained all of the statutory elements, and that the supporting facts giving constitutional notice of the underlying domestic violence crime could reasonably be inferred from the information as a whole. It affirmed Nonog's conviction.

¶6 Nonog sought review based on a conflict within the Court of Appeals. We granted review at 165 Wn.2d 1027 (2009).

## ANALYSIS

¶7 Nonog challenges the sufficiency of count IV of the information, which alleges interfering with domestic violence reporting in violation of RCW 9A.36.150.[2] This statute provides:

(1) A person commits the crime of interfering with the reporting of domestic violence if the person:

(a) Commits a crime of domestic violence, as defined in RCW 10.99.020; and

(b) Prevents or attempts to prevent the victim of or a witness to that domestic violence crime from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official.

(2) Commission of a crime of domestic violence under subsection (1) of this section is a necessary element of the crime of interfering with the reporting of domestic violence.

RCW 9A.36.150.

¶8 The accused in a criminal case enjoys a constitutional right to notice of the alleged crime the State intends to prove. WASH. CONST. art. I, § 22 ("In criminal prosecutions the accused shall have the right . . . to demand the nature

---

[2] The State argues that Nonog waived his right to challenge the information by not requesting a bill of particulars. We reject this argument. A vagueness challenge to a constitutionally sufficient information may be waived by failure to request a bill of particulars. *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985). However, Nonog's challenge is to the constitutional sufficiency of the information and so may be raised at any time. *Id.* at 321.

and cause of the accusation against him . . . ."); *accord* U.S. CONST. amend. VI. This notice is formally given in the information. *See* CrR 2.1(a)(1) ("[T]he information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.").

¶9 The information must allege every element of the charged offense. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). The law imposes this requirement so "that the accused may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense." *State v. Leach*, 113 Wn.2d 679, 688, 782 P.2d 552 (1989). Failure to allege each element means that the information is insufficient to charge a crime and so must be dismissed.[3] *Vangerpen*, 125 Wn.2d at 788, 795. By long standing precedent, the defendant may bring a constitutional challenge to the information at any time before final judgment. *City of Seattle v. Jordan*, 134 Wash. 30, 34, 235 P. 6 (1925); *accord State v. Holt*, 104 Wn.2d 315, 321, 704 P.2d 1189 (1985) (citing *Jordan*, 134 Wash. 30).

¶10 The elements need not be alleged in the exact words of the statute so long as the information alleges the elements of the crime in terms equivalent to or more specific than those of the statute. *Leach*, 113 Wn.2d at 686, 689. More than merely listing the elements, the information must allege the particular facts supporting them. *Id.* at 688. The requirement is to charge in language that will "apprise an accused person with reasonable certainty of the nature of the accusation." *Id.* at 686. Failure to provide the facts " 'necessary to a plain, concise and definite statement' " of the offense renders the information deficient. *See id.* at 690 (quoting former JCrR 2.04(a)).

¶11 Our review of count IV involves a consideration of the information as a whole. In *State v. Kjorsvik*, 117 Wn.2d 93, 105-08, 812 P.2d 86 (1991), we adopted a liberal construction rule when considering challenges to the infor-

---

[3] A deficient complaint or information is dismissed without prejudice to the State's ability to refile charges, subject to the statute of limitations. *State v. Quismundo*, 164 Wn.2d 499, 503-04, 192 P.3d 342 (2008).

mation raised for the first time on appeal. Liberal construction balances the defendant's right to notice against the risk of what Professor Wayne R. LaFave termed "sandbagging"—that is, that a defendant might keep quiet about defects in the information only to challenge them after the State has rested and can no longer amend it. *Id.* at 103,[4] 106, 108. When a defendant challenges the information for the first time on appeal, we determine if the elements "appear in any form, or by fair construction can they be found, in the charging document." *Id.* at 105. We read the information as a whole, according to common sense and including facts that are implied, to see if it "reasonably apprise[s] an accused of the elements of the crime charged." *Id.* at 109. If it does, the defendant may prevail only if he can show that the unartful charging language actually prejudiced him. *Id.* at 106.

¶12 *Kjorsvik* and some later cases considered only the count charging the crime at issue. *See id.* at 96 (single count information); *State v. Tunney*, 129 Wn.2d 336, 338, 917 P.2d 95 (1996) (same); *State v. Davis*, 119 Wn.2d 657, 662, 835 P.2d 1039 (1992) (considering only one count of a multicount information); *State v. Simon*, 120 Wn.2d 196, 197-98, 840 P.2d 172 (1992) (single count information); *State v. Hopper*, 118 Wn.2d 151, 154, 822 P.2d 775 (1992) (considering only one count of a multicount information). However, nothing in *Kjorsvik*'s language suggests that review of the charging document "as a whole" is limited to review of the specific count at issue. *See Kjorsvik*, 117 Wn.2d at 109 ("[T]he question . . . is whether *all the words used* would reasonably apprise an accused of the elements of the crime charged." (emphasis added)). Consequently, we have looked at the other counts in the information to determine if the count at issue is constitutionally sufficient. *See State v. Valdobinos*, 122 Wn.2d 270, 286, 858 P.2d 199 (1993) (holding that counts charging intent to deliver and conspiracy to deliver cocaine reasonably apprised the de-

---

[4] *See also* 2 WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 19.2, at 448-52 (1984).

fendant of the "knowledge" element of an unlawful delivery charge in another count). In *Valdobinos*, we deemed it appropriate to "examine[ ] *all* the language in the information, 'reading it as a whole and in a commonsense manner'." *Id.* (quoting *Kjorsvik*, 117 Wn.2d at 110-11). *Valdobinos* makes clear that, although the specific count at issue must charge all of the elements of the crime, we may consider the whole information when liberally construing the count to see if it reasonably apprises an accused of the elements of the crime charged.

¶13 Nonog's complaint with count IV is that it failed to specify the exact domestic violence crime or crimes that he allegedly committed on March 30, 2006, the day on which count IV is alleged to have occurred. He argues that the statutory language makes this an essential element. *See* RCW 9A.36.150(2) ("Commission of a crime of domestic violence . . . is a necessary element of the crime of interfering with the reporting of domestic violence."). This defect is not cured by the fact that counts I and II charge domestic violence crimes occurring on the same day, Nonog contends, because count IV does not expressly incorporate these counts as required by *State v. Unosawa*, 29 Wn.2d 578, 188 P.2d 104 (1948) and *State v. Gill*, 103 Wn. App. 435, 13 P.3d 646 (2000). Suppl. Br. of Pet'r 14-16.

¶14 The State counters that the specific underlying crime is not an essential element. Both parties invite us to construe the statute by comparing the crime of interfering with domestic violence reporting to other crimes, ranging from felony murder to bail jumping. This exercise is unnecessary in this case. We need not decide whether the statutory text quoted in count IV, "having committed a crime of domestic violence as defined in RCW 10.99.020," CP at 11-12, is always constitutionally sufficient to apprise a defendant of the nature of the charge against him. We need only decide whether Nonog's information, as a whole, made it clear that the crimes alleged to have occurred on March 30, 2006 in counts I and II were the domestic violence crimes referenced in count IV. *Cf. Valdobinos*, 122 Wn.2d at

285 (declining to reach the question of whether " 'feloniously' " reasonably apprised the defendant of a " 'guilty knowledge' " element because the "charging document *as a whole* was not deficient in this case").

¶15 In considering this question, we will place Nonog's argument in its best light and assume, without deciding, that the underlying domestic violence crime is an element of the interfering with reporting offense. This means that, to be constitutionally sufficient, the information as a whole needed to reasonably apprise Nonog of the underlying crime. *See Kjorsvik,* 117 Wn.2d at 109-11. We hold that the information met this standard.

¶16 Count IV of the information charged Nonog with "the crime of **Interfering with Domestic Violence Reporting**, a crime of the same or similar character and based on the same conduct as another crime charged herein." CP at 11. Specifically, it alleged that "on or about March 30, 2006, having committed a crime of domestic violence as defined by RCW 10.99.020, [Nonog] did intentionally prevent or attempt to prevent Nanette Estandian, the victim of that crime, from calling a 911 emergency communication system." *Id.* at 11-12.

¶17 From this count, Nonog had clear notice that he was accused of committing a crime of domestic violence on March 30, 2006. Furthermore, count IV stated that the crime was "of the same or similar character and based on the same conduct as another crime charged" in the information. *Id.* at 11. Reviewing the information as a whole, one can reasonably discover that Nonog was charged with two other crimes occurring on March 30, 2006, each of which had the term "domestic violence" in the boldface title of the offense. *See id.* at 10-11. Under *Kjorsvik*'s liberal construction test, the information reasonably apprised Nonog of the domestic violence crimes underlying the interfering with reporting charge in count IV.

¶18 Nonog attempts to escape this reading of the information by arguing that we can look only within the confines of count IV, as each count must charge a crime separately.

He first relies on *Unosawa* and *Gill* to argue that count IV had to expressly incorporate the other counts for them to be relevant to its meaning. But, these cases do not impose hypertechnical pleading burdens. In both cases, the charging document failed to allege an essential mens rea element in the count at issue. *See Unosawa*, 29 Wn.2d at 586 (manslaughter count failed to allege "intent"); *Gill*, 103 Wn. App. at 441 (harassment count did not allege a threat made " 'knowingly' " or " '[w]ithout lawful authority' " (alteration in original)). The mens rea could not fairly be found within the charging documents. *Unosawa*, 29 Wn.2d at 586-89; *Gill*, 103 Wn. App. at 442. Here, in contrast, count IV contained all of the elements in RCW 9A.36.150, including that he "committed a crime of domestic violence as defined in RCW 10.99.020." CP at 11.

¶19 Nonog next turns to Division Two's opinion in *Clowes*, which supports his argument, but which Division Three and the court below expressly rejected. Like this case, *Clowes* involved a multicount information separately alleging a domestic violence offense and the offense of interfering with domestic violence reporting. 104 Wn. App. at 940-41. Relying on its reading of *Gill*, Division Two looked to the count alleging the interference "in isolation." *Id.* at 942. It concluded that the information was constitutionally deficient because the specific underlying domestic violence crime was not set forth in the interference count. *Id.*

¶20 The court below and Division Three properly rejected this reasoning. We, too, disapprove of *Clowes*. Nothing in our precedent requires reading each count in isolation under the *Kjorsvik* liberal construction standard.[5] We have applied *Kjorsvik* to multicount charging documents, "examin[ing] *all* the language in the information, 'reading it

---

[5] Perhaps under a strict construction standard like the one used in *Unosawa*, we would be limited to reading the single count at issue. *Cf.* 29 Wn.2d at 586-89. But *Unosawa* predates our recognition in *Kjorsvik* of the liberal construction standard applicable when a charging document is challenged for the first time on appeal.

as a whole and in a commonsense manner'." *Valdobinos*, 122 Wn.2d at 286 (quoting *Kjorsvik*, 117 Wn.2d at 110-11). Thus, even given the benefit of the doubt as to the elements of interfering with domestic violence reporting, Nonog fails to show that the information is deficient under *Kjorsvik*. Because he does not argue that he was actually prejudiced by the State's charging language,[6] *see Kjorsvik* 117 Wn.2d at 106, the information is constitutionally sufficient.

## CONCLUSION

¶21 Nonog's information was constitutionally sufficient. Regardless of whether the underlying domestic violence crime is an element of interfering with domestic violence reporting, the information here reasonably apprised Nonog that the underlying offenses were the domestic violence crimes set out in counts I and II. We affirm the Court of Appeals.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, SANDERS, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ. concur.

[No. 82311-1. En Banc.]
Argued January 28, 2010.    Decided July 22, 2010.

---

[6] Nonog relies only on *Clowes* and the presumption of prejudice when an information fails to allege all essential elements of a crime. Suppl. Br. of Pet'r at 5-7, 14.