FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 8: 55

STATE OF WASHINGTON
No. 44963-3-II
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | |
| Respondent, | |
| v. | |
| FAGALULU FEAU FILITAULA, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Fagalulu Filitaula appeals his conviction and sentence for violating a no-contact order, contending that insufficient evidence existed to support his conviction that the to-convict instruction and charging document omitted some elements of the offense, and that the trial court erred by imposing a term of community custody. Because the evidence is sufficient to show that Filitaula willfully violated the no-contact order, we reject his sufficiency challenge. Because the "to convict" instruction and the information alleged that Filitaula knowingly violated the no-contact order, we reject his challenges to those documents as well. Finally, because the combined total of Filitaula's exceptional sentence and the community custody imposed did not exceed the statutory maximum for his offense, we reject his sentencing challenge. We affirm.

## FACTS

On July 12, 2012, Filitaula signed a domestic violence no-contact order that prohibited him from having any contact with Faufau Boyd for a two-year period. Filitaula and Boyd had dated for eight years and had two children together. In December 2012, Boyd went to the residence of her cousin, Anna Hartman, to see Filitaula. Filitaula had been living at the Hartman home for a few months. Boyd wanted to confront Filitaula about being unfaithful. She knew about the no-contact order and the consequences of its violation.

After an initial conversation with Filitaula, Boyd left and then returned for an additional discussion. When Filitaula became angry, Boyd called her mother, who heard Filitaula yelling and cursing in the background. Boyd's mother called the police who arrested Filitaula at the Hartman residence.

The State charged Filitaula with felony violation of a no-contact order and added a bail jumping charge after he failed to appear for a pretrial hearing.[1] Boyd, her mother, the Hartmans, and a deputy prosecutor testified to the above facts. Boyd added that she and Filitaula talked for about 45 minutes, that they both knew about the no-contact order, and that Filitaula made no attempt to leave the house or go into a different room. Filitaula stipulated to two prior no-contact order violation convictions. The jury found him guilty as charged.

On appeal, Filitaula challenges only his conviction for violating the no-contact order.

ANALYSIS

I.    SUFFICIENCY OF THE EVIDENCE

Filitaula initially argues that the State failed to prove that he willfully violated the no-contact order. We disagree.

"'The State must prove every element of a crime beyond a reasonable doubt for a conviction to be upheld.'" *State v. Sibert*, 168 Wn.2d 306, 311, 230 P.3d 142 (2010) (quoting *State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995)). To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182, 185 (2014). A claim of

---

[1] The no-contact order violation was charged as a felony because of Filitaula's two prior convictions for violating no-contact orders. RCW 26.50.110(5).

insufficient evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

Under RCW 10.99.050, a defendant commits the offense of violating a no-contact order when he willfully has contact with another, knowing that a no-contact order exists and prohibits the contact. *State v. Clowes*, 104 Wn. App. 935, 943-44, 18 P.3d 596 (2001), *disapproved on other grounds, State v. Nonog*, 169 Wn.2d 220, 237 P.3d 250 (2010). The offense has three essential elements: willful contact with another, the prohibition of such contact by a valid no-contact order, and the defendant's knowledge of the no-contact order. *State v. Washington*, 135 Wn. App. 42, 49, 143 P.3d 606 (2006) (quoting *Clowes*, 104 Wn. App. at 944). The element of willfulness requires a purposeful act. *State v. Sisemore*, 114 Wn. App. 75, 78, 55 P.3d 1178 (2002). Filitaula contends that the State did not prove that he acted willfully or purposefully because he simply remained at home when Boyd came over to confront him.

The fact that the protected party initiated the forbidden contact is not a defense to violating a no-contact order. *See* RCW 10.99.040(4)(b) and RCW 26.50.035(1)(c) (domestic violence protection orders must inform restrained person that he is subject to arrest even if protected party invites or permits contact); *State v. Dejarlais*, 136 Wn.2d 939, 942, 969 P.2d 90 (1998) (consent is not defense to charge of violating a domestic violence protection order). The evidence shows that Filitaula engaged in conversation with Boyd and did not attempt to terminate that conversation either by leaving or by asking her to leave. *See Sisemore*, 114 Wn. App. at 78 (defendant did not

violate no-contact order with accidental or inadvertent contact if he immediately broke it off). Because his conversation with Boyd was a purposeful act, we find the evidence sufficient to prove that Filitaula willfully violated the no-contact order.

II.    ADEQUACY OF THE TO-CONVICT INSTRUCTION

Filitaula argues here that instruction 8, the "to convict" instruction, omitted the essential element of willfulness. We disagree.

A "to convict" instruction must contain all elements of the crime because it serves as a "yardstick" by which the jury measures the evidence to determine guilt or innocence. *State v. Smith*, 131 Wn.2d 258, 263, 930 P.2d 917 (1997). Instruction 8 informed the jury as follows:

> To convict the defendant of the crime of violation of a no contact order as charged, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1)  That on or about December 16, 2012 there existed a no contact order applicable to the defendant regarding a family or household member;
> (2)  That the defendant knew of the existence of this order;
> (3)  That on or about said date, the defendant knowingly violated a provision of this order against a family or household member[;]
> (4)  That the defendant has twice been previously convicted for violating the provisions of a court order; and
> (5)  That the defendant's act occurred in the State of Washington.

Clerk's Papers (CP) at 14-15. Filitaula did not object to this instruction in the trial court, but he raises an issue of manifest constitutional error that may be reviewed for the first time on appeal. RAP 2.5(a)(3); *State v. Stein*, 144 Wn.2d 236, 240-41, 27 P.3d 184 (2001).

Instruction 8 refers to a knowing rather than a willful violation of a no-contact order. The requirement that an offense be committed willfully is generally satisfied if a person acts knowingly with respect to the material elements of offense. RCW 9A.08.010(4). Consequently, the substitution of "knowingly" for "willfully" in an instruction setting forth the elements of violating a no-contact order is not error. *Clowes*, 104 Wn. App. at 944; *see also Sisemore*, 114 Wn. App. at

78 (defendant acts willfully is he acts knowingly with respect to the contact element). But, such an instruction must inform the jury of the need to find both that the defendant knew of the no-contact order and that he intended the contact. *Clowes*, 104 Wn. App. at 944-45.

Instruction 8, which mirrors the pattern jury instruction, informed the jury that it had to find that Filitaula knew of the existence of the no-contact order and that he knowingly violated that order. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS, CRIMINAL 36.51.02, at 79 (3d ed. 2014). The "to convict" instruction in this case adequately set forth the essential elements of the crime of violating a no-contact order.

III.     ADEQUACY OF THE CHARGING DOCUMENT

Filitaula argues next that the charging document was fatally flawed because it did not contain the willfulness element. Because an inadequate information raises due process concerns, Filitaula may raise this challenge for the first time on appeal. *State v. Kjorsvik*, 117 Wn.2d 93, 107-08, 812 P.2d 86 (1991). We disagree, however, with his claim of error.

A charging document is constitutionally adequate only if all essential elements of a crime are included so as to inform the accused of the charges and to allow him to prepare a defense. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). When a defendant challenges a charging document after the verdict, we construe it liberally in favor of validity. *Kjorsvik*, 117 Wn.2d at 105. Under that liberal analysis, we determine whether the necessary facts appear in any form, or by fair construction can be found, in the charging document; and, if so, whether the defendant shows that he was nonetheless actually prejudiced by the inartful language that caused a lack of notice. *Kjorsvik*, 117 Wn.2d at 105-06.

The charging document provided in pertinent part that Filitaula, "with knowledge that the Grays Harbor County District Court had previously issued a no contact order. . . did violate the

order while the order was in effect by knowingly violating the restraint provision therein pertaining to Faufau I. Boyd[.]" CP at 7. As stated above, a requirement that an offense be committed willfully is satisfied if the person acted knowingly. RCW 9A.08.010(4). Even if the substitution of knowingly for willfully can be characterized as inartful, we see no prejudice as a result. Filitaula does not show that his defense would have differed had the information charged him with willfully violating the no-contact order.

IV.    COMMUNITY CUSTODY

Finally, Filitaula argues that the trial court violated RCW 9.94A.701(9) by imposing 12 months of community custody. We disagree.

RCW 9.94A.701(9) provides that a community custody term "shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime." The crime of felony violation of a no-contact order is a class C felony punishable by up to 60 months' confinement. RCW 26.50.110(5); RCW 9A.20.021(1)(c). Because Filitaula had an offender score of more than 9 points, his standard range was 60 months as well. RCW 9.94A.510, .515.

During sentencing, Filitaula argued that an exceptional sentence downward was appropriate because Boyd initiated the prohibited contact. *See* RCW 9.94A.535(1)(a) (victim's initiation of crime is mitigating factor). The trial court agreed and imposed an exceptional sentence downward of 48 months plus 12 months of community custody.

Filitaula now argues that the trial court erred by imposing 12 months of community custody because his total sentence could have exceeded the statutory maximum. He contends that RCW 9.94A.701(9) does not focus on the confinement actually imposed but on the confinement that is possible. According to Filitaula, whenever a defendant's standard range and term of community

6

custody could together exceed the statutory maximum, a reduction or elimination of community custody is required.

The State responds that RCW 9.94A.701(9) is irrelevant to Filitaula's sentence because the trial court imposed an exceptional rather than a standard range sentence. The Washington Supreme Court recently agreed and held that RCW 9.94A.701(9), by its terms, applies only to standard range sentences. *In re Pers. Restraint of McWilliams*, No. 88883-3, 2014 WL 7338498, *2 (Wash. Dec. 24, 2014).

Accordingly, we affirm the conviction and sentence for felony violation of a no-contact order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Bjorgen, A.C.J.

Maxa, J.