# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73624-8-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| JASON CARL SCHWIESOW, | ) ) | |
| Appellant. | ) | FILED: October 10, 2016 |

TRICKEY, J. — Jason Schwiesow appeals his conviction for interference with the reporting of domestic violence. He argues that, because Angelica Zumbroich was not holding her cell phone or dialing 911 when Schwiesow destroyed it, the State did not present sufficient evidence to show that he prevented or attempted to prevent Zumbroich from reaching emergency services. Because the State's evidence at trial established that Schwiesow prevented Zumbroich from contacting emergency services by destroying her phone, we affirm.

## FACTS

On October 4, 2014, Schwiesow and Zumbroich ended their relationship and Schwiesow moved out of their shared house. On October 10, 2014, Schwiesow returned to the house to retrieve several of his belongings while Zumbroich was at work. Zumbroich joined him at the house to make sure that Schwiesow did not damage any of her property.

When Schwiesow and Zumbroich met at the house, they argued and Schwiesow quickly became violent. During the attack, Schwiesow pushed Zumbroich to the ground and her cell phone fell out of her purse. Schwiesow grabbed Zumbroich around her neck and repeatedly punched her in the head.

Zumbroich reached for her cell phone to call 911. Schwiesow saw Zumbroich reaching for the cell phone, grabbed it, and threw it against a wall; the cell phone broke into pieces. While Schwiesow was distracted with the cell phone, Zumbroich ran to her neighbors' house and immediately asked them to call 911.

Schwiesow was charged with second degree assault and interfering with the reporting of domestic violence. The jury convicted him on both counts. He appeals only his conviction for interfering with the reporting of domestic violence.

ANALYSIS

Sufficiency of the Evidence

Schwiesow argues that there was insufficient evidence that he prevented Zumbroich from contacting emergency services to support his conviction for interfering with the reporting of domestic violence under RCW 9A.36.150. We disagree.

Evidence is sufficient to sustain a conviction if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. State v. Green, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Here, the State charged Schwiesow with interfering with the reporting of domestic violence. It had to prove that Schwiesow committed a crime of domestic violence, as defined in RCW 10.99.020, and "[p]revent[ed] or attempt[ed] to prevent the victim of or a witness to that domestic violence crime from calling a

2

911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official." RCW 9A.36.150(1)(a), (b).

Washington courts have held that a range of actions constitute preventing or attempting to prevent the reporting of domestic violence. See, e.g., State v. Clowes, 104 Wn. App. 935, 939, 18 P.3d 596 (2001) (defendant disconnected the victim's phone during an argument and blocked her attempts to leave), disapproved of on other grounds by State v. Nonog, 169 Wn.2d 220, 223, 237 P.3d 250 (2010) (defendant grabbed victim's cell phone from her hand while she was attempting to call the police and destroyed it by throwing it against a wall); State v. Laramie, 141 Wn. App. 332, 336, 169 P.3d 859 (2007) (defendant grabbed a phone away from victim when she tried to call 911 and threatened to "get her" when he got out).

Schwiesow argues that the statute requires the victim to be in the process of contacting emergency services when the prevention or attempt to prevent occurs to support a conviction. He argues that, because Zumbroich had not yet begun to call 911 when he destroyed the cell phone, he did not prevent her from contacting emergency services within the meaning of the statute. He cites no authority for this position. We decline to adopt such a narrow reading of the statute.

Here, the State established that Zumbroich was reaching for the cell phone in response to Schwiesow repeatedly hitting her.[1] Zumbroich testified at trial that

---

[1] The parties dispute whether the evidence at trial established that Zumbroich was holding the cell phone when Schwiesow grabbed it and destroyed it. This is irrelevant because neither the statute nor Washington case law require the victim to have physical control of the means of communicating or to be presently using the means of communication to contact emergency services when the defendant acts.

she was "trying to get the phone to call 911" when Schwiesow destroyed it.[2] Following Schwiesow's destruction of the cell phone, Zumbroich escaped from the house and immediately contacted 911.

Viewing this evidence in a light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that, by grabbing Zumbroich's cell phone and destroying it, Schwiesow prevented Zumbroich from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official, thereby satisfying the essential element of the crime at issue. Therefore, we find that Schwiesow's actions prevented Zumbroich from contacting emergency services in violation of RCW 9A.36.150.

We affirm the judgment and sentence.

_Trickey, J._

WE CONCUR:

_____          _____
                                              Leach, J.

---

[2] Report or Proceedings (May 11, 2015) at 49.

4