# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60230-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BRANDY FRANCIS WESTFALL aka BRANDY FRANCIS PADGETT,[†] | |
| Appellant. | |

CHE, J. — Brandy Padgett was charged with first degree burglary and theft of a firearm based on her involvement with the theft of firearms and power tools from a victim's home. Following plea negotiations, Padgett entered an *Alford*[1] guilty plea to residential burglary and a *In re Barr*[2] guilty plea to first degree trafficking in stolen property.

Padgett appeals, arguing that she must be entitled to withdraw her guilty pleas. She argues that the State's third amended information omitted the essential element of first degree trafficking in stolen property that Padgett knew the property in question was stolen, that she pleaded guilty to an uncharged mean of trafficking in stolen property, and her guilty plea was not knowing, intelligent, and voluntary. We disagree and affirm.

---

[†] Brandy Francis Padgett is appellant's true name.

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed.2d 162 (1970).

[2] *In re Personal Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984).

FACTS

The State charged Padgett with first degree burglary and theft of a firearm based on allegations that Padgett and another person stole multiple firearms and power tools from a victim's home. Padgett initially denied any involvement but later admitted to going to the victim's home and moving some of the stolen items into an accomplice's vehicle. The State later filed a second amended information charging Padgett with first degree burglary, theft of a firearm, residential burglary, and second degree unlawful possession of a firearm.

Pursuant to plea negotiations, the State filed a third amended information charging Padgett with residential burglary and first degree trafficking in stolen property, and dropping the first degree burglary, theft of a firearm, and second degree unlawful possession of a firearm charges. As to the trafficking charge, the information provided:

> On or about the 19th day of June 2022, in the County of Lewis, State of Washington, the above-named defendant did knowingly sell, transfer, distribute, dispense or otherwise dispose of stolen property belonging to another, or did knowingly buy, receive, possess or obtain control of such stolen property, with intent to sell, transfer, distribute, dispense or otherwise dispose of the property to another person.

Clerk's Papers (CP) at 14.

Padgett's statement of defendant on plea of guilty provided that she was informed of the charges and fully understood that she was charged with residential burglary and first degree trafficking in stolen property as set forth in the third amended information. Padgett's statement provided "I plead guilty to . . . Residential Burglary and Trafficking in Stolen Property in the First Degree [as charged] in the Third Amended information." CP at 28 (boldface omitted).

In the section of her statement asking her to state what made her guilty of the charges, Padgett entered brief factual statements. Next to the statement for the residential burglary

charge, Padgett handwrote wrote "Alford plea." CP at 28. As to the first degree trafficking in stolen property charge, Padgett's statement provided: "IN RE BARR. On or about June 19, 2022, I knowingly initiated, organized, planned, financed, directed, managed or supervised the theft of property for sale to others in Lewis County, Washington." CP at 28 (boldface omitted).

At the change of plea hearing, Padgett's counsel informed the trial court that he had reviewed the case with Padgett "exhaustively multiple times." Rep. of Proc. (RP) (Dec. 4, 2023) at 15. "I can advise the Court that she understands the terms and conditions of the State's proposal. She understands her rights and obligations. And she understands the rights she's giving up by pleading guilty and she wants to accept the benefit of the State's offer." RP (Dec. 4, 2023) at 16. Padgett's counsel confirmed that the affidavit of probable cause did not cover trafficking in stolen property but that Padgett was stipulating to the plea.

Noting that Padgett's written plea statement listed "*Alford* plea" and "*In re Barr*" and also factual statements, the trial court clarified that Padgett intended to plead guilty pursuant to *Alford* for the residential burglary charge and *In re Barr* for the trafficking in stolen property charge.[3] RP (Dec. 4, 2023) at 19-21. "An *In re Barr* plea is something where you're pleading guilty to a crime that you did not actually commit. But you're pleading guilty to avoid being found guilty of the more serious charge that you were already charged with in the last Information. . . . [A]re you doing all of that to take advantage of this plea agreement for the dismissal of the other charges and the reduction of charges here?" RP (Dec. 4, 2023) at 21. Padgett, responded "Yes." RP (Dec. 4, 2023) at 21. The trial court concluded, "Based on that statement, I will accept the plea." RP (Dec. 4, 2023) at 21.

---

[3] The court reviewed the probable cause statement to establish the factual basis for the residential burglary charge.

The trial court found that Padgett's plea was knowing, voluntary, and intelligent, and made with an understanding of the nature of the charge and the consequence of the plea. RP (Dec. 4, 2023) at 21. It specifically found "I'm satisfied that there's a factual basis for the plea, subject to *In re Barr* on Count II," and found Padgett guilty of residential burglary and first degree trafficking in stolen property. RP (Dec. 4, 2023) at 21.

Padgett appeals.

ANALYSIS

I. CHARGING INFORMATION

Padgett argues that her trafficking in stolen property conviction must be dismissed because the State's third amended information omitted the essential element that Padgett knew the property in question was stolen. We disagree.

A criminal defendant has a constitutional right to notice of the crimes with which they are charged. WASH. CONST. art. I, § 22; U.S. CONST. amend. VI.; *see also State v. Canela*, 199 Wn.2d 321, 328, 505 P.3d 1166 (2022). "[T]o be constitutionally adequate, a charging document must contain all essential elements of the charged crime. Essential elements are those elements of a crime 'necessary to establish the very illegality of the behavior charged.'" *Canela*, 199 Wn.2d at 328 (internal quotation marks omitted) (quoting *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013)). The purpose of the "essential elements rule" is to notify the defendant of the nature of the crime or crimes against which they must defend themselves. *Id*.

We review challenges to the sufficiency of a charging document de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007). A defendant can challenge an information setting forth the charges at any time. *Canela*, 199 Wn.2d at 329. However, where a defendant challenges the charging information for the first time on appeal, this court applies "a

presumption in favor of the validity of charging documents." *Id*. The applicable test asks: "'(1) [D]o the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?'" *Id*. (alteration in original) (quoting *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991)).

Because Padgett challenges the amended information for the first time on appeal, the amended information must be "liberally construed in favor of validity." *Kjorsvik*, 117 Wn.2d at 102. We read the charging document as a whole, applying common sense and including implied facts. *State v. Nonog*, 169 Wn.2d 220, 227, 237 P.3d 250 (2010).

Under RCW 9A.82.050(1), a person is guilty of first degree trafficking in stolen property if they knowingly initiate, organize, plan, finance, direct, manage, or supervise the theft of property for sale to others, or if they knowingly traffic in stolen property. Traffic means to "sell, transfer, distribute, dispense, or otherwise dispose of stolen property to another person, or to buy, receive, possess, or obtain control of stolen property, with intent to sell, transfer, distribute, dispense, or otherwise dispose of the property to another person." RCW 9A.82.010(19).

Here, the State charged Padgett with the second means of trafficking in stolen property. The charging information incorporated the definition of trafficking to read "the above-named defendant did *knowingly* sell, transfer, distribute, dispense or otherwise dispose of stolen property belonging to another, or did *knowingly* buy, receive, possess or obtain control of such stolen property, with intent to sell, transfer, distribute, dispense or otherwise dispose of the property to another person." CP at 14 (emphasis added); *see* RCW 9A.82.010(19).

The most common sense reading of the information is that the two instances of "knowingly" modify the entire subsequent verb phrases including "of stolen property" and "of

5

such stolen property." CP at 14. Any other reading would be strained. This interpretation is consistent with Division One's decision in *State v. Killingsworth*, 166 Wn. App. 283, 289, 269 P.3d 1064 (2012).

There, the court held that a to convict jury instruction that required a jury to find that Killingsworth "knowingly trafficked in stolen property" sufficiently required the jury to find that the defendant knowingly trafficked in property that he knew to be stolen. *Id*. The court explained "the most natural reading of the adverb 'knowingly,' as used in this instruction, is that it modifies the verb phrase 'trafficked in stolen property.'" *Id*. Here, the charging information input the definition of trafficking rather than simply saying "knowingly trafficked in stolen property," but the logical reading remains the same.

Applying common sense and liberally construing the charging information in favor of validity, as we must, we hold that the charging information sufficiently included all of the essential elements of first degree trafficking in stolen property.

Moreover, Padgett cannot show that any inartful language in the charging information caused a lack of notice that actually prejudiced her. *Canela*, 199 Wn.2d at 329. The purpose of the "essential elements rule" is to notify the defendant of the nature of the crime or crimes against which they must defend themselves. *Id*. But here the State amended the charging information to charge Padgett with first degree trafficking in stolen property as part of a negotiated plea deal that allowed Padgett to enter an *In re Barr* guilty plea to trafficking in stolen property in order to avoid conviction for greater offenses. When a defendant pleads guilty under *In re Barr*, they "plead to a related lesser charge that was not committed in order to avoid certain conviction for a greater offense." *In re Barr*, 102 Wn.2d at 270.

Padgett does not contend that she was insufficiently notified of the prior, more serious charges. Nor does she contend that her decision to enter a *In re Barr* guilty plea would have differed if the third amended information had been different. Under these circumstances, Padgett cannot show that she was actually prejudiced by any inartful language in the charging information, and her claim fails. *Canela*, 199 Wn.2d at 329.

## II. UNCHARGED MEANS

Padgett also argues that she pleaded guilty to an uncharged means of trafficking in stolen property, resulting in her conviction for an uncharged offense. We disagree.

The State charged Padgett with one of two means of trafficking in stolen property, namely, knowingly trafficking in stolen property. On appeal, Padgett focuses on the fact that in her statement on plea of guilty, she wrote a factual statement to support her plea while seeking to enter a guilty plea pursuant to *In re Barr*. Her written statement describes conduct consistent with the other means of trafficking in stolen property, which was not included in the charging information. Padgett contends that this amounts to her pleading guilty to an uncharged means of trafficking in stolen property, rendering her plea invalid.

But the record does not support Padgett's argument. At the plea hearing, the trial court clarified that despite including a factual statement in her written plea statement, Padgett was entering an *In re Barr* plea. As the trial court explained at the hearing, under *In re Barr*, a defendant may validly plead guilty to an offense for which there is no factual basis in order to avoid conviction of a greater offense for which there is a factual basis. 102 Wn.2d at 269-70. The trial court confirmed that Padgett was pleading guilty pursuant to *In re Barr* to take advantage of the plea agreement, and based on her affirmative statement, accepted her guilty plea. Effectively, the additional factual statement in Padgett's written statement was

7

insignificant. Contrary to Padgett's contention on appeal, her guilty plea was not factually based on an uncharged mean of trafficking in stolen property, and her claim fails.

### III. KNOWING, INTELLIGENT, AND VOLUNTARY PLEA

Padgett also argues that her plea was not knowing, intelligent, or voluntary as constitutionally required because she lacked adequate notice of the charges to which she was pleading guilty. We disagree.

We review the constitutional sufficiency of a defendant's guilty plea de novo. *State v. Harris*, 4 Wn. App. 2d 506, 512, 422 P.3d 482 (2018). Due process requires a defendant's guilty plea to be knowing, intelligent, and voluntary. *State v. Wilson*, 16 Wn. App. 2d 537, 542, 481 P.3d 614 (2021). "'Whether a plea is knowingly, intelligently, and voluntarily made is determined from a totality of the circumstances.'" *State v. Snider*, 199 Wn.2d 435, 444, 508 P.3d 1014 (2022) (quoting *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996)). The defendant must understand the nature of the charge and the consequences of the plea. *Wilson*, 16 Wn. App. 2d at 542. Additionally, CrR 4.2(d) requires that the trial court make a determination that the plea was made "voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea" before accepting a guilty plea. *Id*.

CrR 4.2(d) further requires that the trial court find a factual basis for the guilty plea. However, under *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 270, 684 P.2d 712 (1984), a trial court may accept a guilty plea to an amended charge that is not supported by a factual basis as long as there was a factual basis for the original charge, thereby establishing a factual basis for the plea as a whole. "What must be shown is that the accused understands the nature and consequences of the plea bargain and has determined the course of action that he believes is in his best interest." *Id*.

8

Padgett contends that her plea was not knowing and intelligent because the charging information was defective and therefore she was not aware of the elements of trafficking in stolen property. But as previously discussed, the charging information sufficiently stated all the essential elements of trafficking in stolen property.

Additionally, at the plea hearing, the trial court confirmed with Padgett that she had read and understood the statement of defendant on plea of guilty, she understood the elements of the charges, and she freely and voluntarily chose to plead guilty. Specifically, as to the trafficking in stolen property charge, the trial court confirmed with Padgett that she understood the basis of an *In re Barr* plea and was choosing to plead guilty to avoid being found guilty of the more serious charges with which she was previously charged. Under these circumstances, the record shows that Padgett understood the nature and consequences of the plea bargain along with the underlying charges and her criminal exposure.

Padgett also argues that her plea was not voluntary because there was a "lack of clarity over what the parties and court believed the factual basis to be." Br. of Appellant at 60. Padgett erroneously states that she pleaded guilty to trafficking in stolen property under both *Alford* and *In re Barr*. But the record reflects that Padgett entered an *Alford* plea to residential burglary and an *In re Barr* plea to first degree trafficking in stolen property. At the plea hearing, the trial court expressly accepted Padgett's *Alford* plea to residential burglary and her *In re Barr* plea to first degree trafficking in stolen property. The trial court stated, "I'm satisfied that there's a factual basis for the plea, subject to *In re Barr* on Count II [first degree trafficking in stolen property]." RP (Dec. 4, 2023) at 21.

Padgett contends that there is no evidence to suggest that she understood how the facts of her case related to her plea. But in the context of an *In re Barr* plea, what must be shown is that

9

the accused understands the nature and consequences of the plea bargain and has determined the course of action that she believes is in her best interest. 102 Wn.2d at 270. When a defendant signs a written guilty plea, in compliance with CrR 4.2(g), that written plea provides a prima facie showing of the plea's constitutionality, and when that written plea is supported by a superior court's oral inquiry on the record, "'the presumption of voluntariness is well nigh irrefutable.'" *State v. Davis*, 125 Wn. App. 59, 68, 104 P.3d 11 (2004) (quoting *State v. Perez*, 33 Wn. App. 258, 261-62, 654 P.2d 708 (1982)).

Here, Padgett's attorney indicated they had reviewed the case, the State's offer, and the guilty plea. Padgett's statement of defendant on plea of guilty provided that she was informed of the charges and fully understood that she was charged with first degree trafficking in stolen property as set forth in the third amended information. Padgett's statement provided "I plead guilty to . . . Trafficking in Stolen Property in the First Degree [as charged] in the Third Amended Information." CP at 28 (boldface omitted). And at the plea hearing, the trial court confirmed that Padgett understood that she was entering a guilty plea to a crime she did not actually commit but was doing so to avoid being found guilty of the more serious charges with which she was formerly charged. Based on her statement, the trial court found that Padgett's plea was knowing, voluntary, and intelligent, and made with an understanding of the nature of the charge and the consequence of the plea. Between Padgett's written plea statement and her colloquy with the trial court at the plea hearing, it is evident that Padgett's guilty plea was knowing, intelligent, and voluntary.

CONCLUSION

In conclusion, we hold that the State's third amended information adequately informed Padgett of all the essential elements of first degree trafficking in stolen property and that any

No. 60230-0-II

inartful language in the information did not actually prejudice Padgett. We further hold that Padgett did not plead guilty to an uncharged crime, and that her guilty plea was knowing, intelligent, and voluntary.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, J.

Veljacic, A.C.J.

11