[No. 29553-2-III.   Division Three.   January 26, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. DOROTEO VILLANO, *Appellant*.

*David L. Donnan* and *Lila Jane Silverstein* (of *Washington Appellate Project*), for appellant.

*Shawn P. Sant, Prosecuting Attorney*, and *Kim M. Kremer* and *Frank W. Jenny II, Deputies*, for respondent.

¶1 KORSMO, J. — The juvenile court imposed a condition that Doroteo Villano not possess any "gang paraphernalia." We conclude that condition is unconstitutionally vague and strike it. The conviction for first degree arson is affirmed.

¶2 After convicting Mr. Villano of first degree arson, the juvenile court committed him to the Juvenile Rehabilitation Administration for a period of 103-129 weeks. The disposition order also imposed the following condition of post-release supervision:

> Gang conditions: subject to personal search upon reasonable suspicion of a probation violation; no contact with known gang members; no possession of gang paraphernalia; no possession of knives or other weapons.

Clerk's Papers at 9.

¶3 Mr. Villano timely appealed to this court, challenging the sufficiency of the evidence to support the conviction as well as the gang paraphernalia restriction. We address the evidentiary sufficiency challenge (and the facts underlying the charge) in the unpublished portion of this opinion.

¶4 Sentencing conditions must adequately inform the offender of what conduct they either require or proscribe; failure to provide sufficient clarity runs afoul of the due process protection against vagueness. *State v. Sanchez Valencia*, 169 Wn.2d 782, 791, 239 P.3d 1059 (2010); *State v. Bahl*, 164 Wn.2d 739, 752, 193 P.3d 678 (2008).

¶5 Both parties agree that the sentencing condition is unconstitutionally vague. So do we. In *Sanchez Valencia*, the court addressed a sentencing condition that prohibited possession of " 'any paraphernalia' " used to ingest, process, or facilitate the sale of controlled substances. 169 Wn.2d at 785. The court unanimously concluded that the provision was vague because it failed to provide fair notice to the defendants and also failed to prevent arbitrary enforcement. *Id.* at 794-95.

¶6 The phrase "gang paraphernalia" used in a check-box paragraph on the standard disposition order here is even

vaguer than the condition rejected in *Sanchez Valencia*, which at least referenced controlled substance usage. There is no similar limitation in this case. There is no definition of what constitutes "gang paraphernalia." In the common experience of this court, popular clothing items or specific colored items are frequently described as gang attire. If the trial court intended to prohibit the wearing of bandanas or particular colored shoes, it needed to provide clear notice to Mr. Villano about what he could not possess. This provision does not do that. It is unconstitutionally vague. *Id.* at 795.

¶7 The parties both request that the condition be stricken. We remand to the juvenile court with directions to strike the gang paraphernalia restriction.

¶8 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

KULIK, C.J., and SIDDOWAY, J., concur.