# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Respondent, <br><br> v. <br><br> I.G.G., <br><br> Appellant. | No. 81657-8-I <br><br> ORDER WITHDRAWING AND SUBSTITUTING OPINION |

The court on its own motion has reconsidered the opinion filed on June 28, 2021. It has determined that the opinion should be withdrawn, and a substitute opinion filed; now, therefore, it is hereby

ORDERED that the opinion filed on June 28, 2021 is withdrawn; and it is further

ORDERED that a substitute unpublished opinion shall be filed.

_Appelwick, J._

_Chun, J._

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

     Respondent,

   v.

I.G.G.,

     Appellant.

No. 81657-8-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — I.G.G. appeals community custody conditions barring him from wearing gang paraphernalia, publicly conveying gang membership, or associating with any gang members. He argues the conditions are unconstitutionally vague. We reverse and remand to strike the conditions.

## FACTS

On June 18, 2020, I.G.G. pleaded guilty to unlawful possession of a firearm in the second degree and unlawful display of a weapon in juvenile court. The court sentenced him to 141 days of confinement and 12 months of community supervision. The trial court imposed community custody conditions in a "Gang Condition Appendix" over I.G.G.'s objection:

  1) You shall not, in public, wear, possess, use, or display any clothing, jewelry, emblems, badges, symbols, signs, visible tattoos, or body markings or any other items that shows [sic] evidence of membership or affiliation in any gang or that promotes gang affiliation.

2) You shall not, in public, communicate, either verbally or non-verbally, to convey any membership or affiliation in a gang, to promote gang activity, or to solicit others for gang membership.

3) You shall not associate with any gang members, with the exception of family members in non-gang related activities, or while attending treatment or education classes as required.

I.G.G. appeals.

DISCUSSION

I.G.G. argues the three conditions in the Gang Condition Appendix are unconstitutionally vague.  The State concedes that the first condition is unconstitutionally vague, but argues the conditions are otherwise constitutional.

We review community custody conditions for an abuse of discretion.  State v. Sanchez Valencia, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010).  A trial court abuses its discretion when it imposes an unconstitutional condition.  Id. at 792.  We review constitutional questions de novo.  State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019).

Due process requires citizens have a fair warning of proscribed conduct.  U.S. CONST. amend. XIV; City of Spokane v. Douglass, 115, Wn.2d 171, 178, 795 P.2d 693 (1990).  A community custody condition is unconstitutionally vague if (1) it does not sufficiently define the proscribed conduct so that an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement.  State v. Padilla, 190 Wn.2d 672, 677, 416 P.3d 712 (2018).  A community custody condition is not unconstitutionally vague "'merely because a person cannot predict with complete certainty at which [their] actions would be classified as prohibited conduct.'"

Sanchez Valencia, 169 Wn.2d at 793 (quoting State v. Sanchez Valencia, 148 Wn. App. 302, 321, 198 P.3d 1065 (2009), reversed by Sanchez Valencia, 169 Wn.2d 782). A heightened level of clarity is required where, as here, a community custody condition implicates First Amendment protections because of the potential for a chilling effect on the exercise of First Amendment freedoms. State v. Bahl, 164 Wn.2d 739, 753, 193 P.3d 678 (2008).

Similar community custody conditions were held unconstitutionally vague in State v. Weatherwax, 193 Wn. App. 667, 676-681, 376 P.3d 1150 (2016), rev'd on other grounds, 188 Wn.2d 139, 156, 392 P.3d 1054 (2017). There, the court considered the following conditions:

> "That the defendant shall not wear clothing, insignia, medallions, etc., which are indicative of gang lifestyle. Furthermore, that the defendant shall not obtain any new or additional tattoos indicative of gang lifestyle."
>
> . . . .
>
> "That the defendant not be allowed to have any association or contact with known felons or gang members or their associates."

Id. at 676-77.

The Weatherwax court struck the first condition because "'popular clothing items or specific colored items are frequently described as gang attire.'" 193 Wn. App. at 678 (quoting State v. Villano, 166 Wn. App. 142, 144, 272 P.3d 255 (2012)). It echoed the Villano court's holding that "'[i]f the trial court intended to prohibit the wearing of bandana or particular

3

colored shoes, it needed to provide clear notice.'" Id. (quoting Villano, 166 Wn. App. at 144).

It held the second condition unconstitutionally vague for similar reasons, this time relying on federal case law. Id. at 679-81. The court noted federal cases have upheld bans on associating with gang members only when a specific street gang was included in the prohibition. Id. at 679; see e.g., United States. v. Soltero, 510 F.3d 858, 865 (9th Cir. 2007) (prohibition on associating with "any known member of any criminal street gang . . . specifically any known member of the Delhi street gang"); United States v. Johnson, 626 F.3d 1085, 1090 (9th Cir. 2010) ("defendant may not associate with . . . a Rollin' 30's gang member"). The Weatherwax court contrasted this with United States v. Green, 618 F.3d 120 (2d Cir. 2010). 193 Wn. App. at 678-79. There, the Second Circuit struck down a condition prohibiting the defendant from the "wearing of colors, insignia, or obtaining tattoos or burn marks (including branding and scars) relative to [criminal street] gangs." Green, 618 F.3d at 124 (alteration in original). But, the Green court upheld another condition prohibiting associating with "criminal street gangs" which did not articulate a specific gang. Id. at 123-24. Consistent with Soltero, Johnson, and other cases, it held that the term "criminal street gang" was sufficiently definite in this context primarily because the term has a clear statutory definition in federal law:

> "criminal street gang" means an ongoing group, club organization, or association of 5 or more persons—

(A)    that has 1 of its primary purposes the commission of 1 or more criminal offenses described in subsection (c);

(B)    the members of which engage, or have engaged within the past 5 years, in a continuing series of offenses described in subsection (c); and

(C)    the activities of which affect interstate or foreign commerce.

18 U.S.C. § 521(a); Soltero, 510 F.3d at 866-67; Johnson, 626 F.3d at 1090-91; see also United States v. Vega, 545 F.3d 743, 750 (9th Cir. 2008) (the term "criminal street gang" is sufficiently clear).

The term "criminal street gang" is also defined in Washington law:

"Criminal street gang" means any ongoing organization, association, or group of three or more persons, whether formal or informal, having a common name or common identifying sign or symbol, having as one of its primary activities the commission of criminal acts, and whose members or associates individually or collectively engage in or have engaged in a pattern of criminal street gang activity. This definition does not apply to employees engaged in concerted activities for their mutual aid and protection, or to the activities of labor or bona fide nonprofit organizations or their members or agents.

RCW 9.94A.030(12). The statute further defines a "criminal street gang associate or member" as "any person who actively participates in any criminal street gang and who intentionally promotes, furthers, or assists in any criminal act by the criminal street gang." RCW 9.9A.030(13).

Considering these cases together, the Weatherwax court articulated the following rules regarding gang-related conditions:

[G]ang-related conditions of community custody can be imposed as crime related, given the circumstances of the crimes. But, they must be limited to behaviors that signify gang membership, or association in or with an identified gang or gangs. Limits on association must be confined to felons, gang members, or gang associates in the sense

5

defined by RCW 9.9A.030(13), or to other specifically described persons having a direct relation to the circumstances of the crimes.

Weatherwax, 193 Wn. App. at 681.

The conditions at issue here do not reference an identified gang or gangs. Nor do they reference RCW 9.9A.030 (12) or (13). They do not reference "criminal street gangs." They reference "a gang" and "any gang."

Such a broad condition does not provide adequate notice under Weatherwax. Nor does it provide sufficient clarity for an ordinary person to understand the prohibition. An ordinary person cannot be expected to know all potential gangs and their membership.[1] And, as I.G.G. points out, the term "gang" unmoored from its statutory definition can encompass a number of organizations other than criminal street gangs. Some of the I.G.G.'s proffered definitions—"a gang of boys gathered around a pitcher" or "the gang I bowl with"—would be easily understood by an ordinary person as not included in a community custody condition. But others—such as a "non-criminal biker gang"—could cause legitimate confusion in an ordinary person.

I.G.G.'s gang related provisions do not identify a specific gang or gangs and do not reference "criminal street gangs" or the statute that defines them. They do

---

[1] In addition to the vagueness issues discussed here, the gang conditions appendix does not contain language requiring that a violation be intentional. As written, a person could violate these conditions by wearing a symbol that they are unaware indicates gang membership, or associating with a person that they do not know to be a gang member. We construe community custody conditions to require an element of mens rea. See Vega, 545 F.3d at 750. We thus read the gang condition appendix to prohibit only knowing violations of its conditions. See id.

not comply with the standards articulated in <u>Weatherwax</u> and are too broad for an ordinary person to determine what they prohibit.

We reverse and remand for any necessary proceedings consistent with this opinion.

Appelwick, J.

WE CONCUR:

Chun, J.