**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MARCH 17, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MARCH 17, 2022

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 100029-4 |
| Petitioner, | ) | |
| v. | ) | En Banc |
| DAVIEL DAVIS CANELA, | ) | |
| Respondent. | ) | Filed March 17, 2022 |

JOHNSON, J.—This case involves a challenge first raised in the Court of Appeals to the sufficiency of an information charging attempted first degree murder. The issue is whether premeditation is an essential element of attempted first degree murder that must be alleged in the charging document. At trial, a jury found Daviel Davis Canela guilty of attempted first degree murder and of second degree unlawful possession of a firearm.

Mr. Canela appealed his conviction on multiple grounds. The Court of Appeals vacated the conviction for attempted first degree murder, finding that

*State v. Canela*, No. 100029-4

premeditation is an essential element in a charge of attempted first degree murder. This is the only issue before us.[1]

We reverse the Court of Appeals and hold premeditation is not an essential element that must be included in a charging document for attempted first degree murder.

## FACTS & PROCEDURAL HISTORY[2]

On March 29, 2018, Victor Garcia and his girlfriend, Zeima Cadenas Quintero, were outside of an apartment complex where Mr. Garcia's sister lived, moving Ms. Cadenas Quintero's belongings from a van into her car. Mr. Canela, an acquaintance of the couple, approached and began speaking with Mr. Garcia. Ms. Cadenas Quintero turned away to continue moving items but overheard Mr. Canela state that Mr. Garcia had been "X[-]ed out."[3] She heard gunshots and turned to see Mr. Canela holding a gun with his arm extended toward Mr. Garcia.

---

[1] The Court of Appeals affirmed Mr. Canela's conviction for unlawful possession of a firearm. We denied Mr. Canela's petition for review on this issue. The Court of Appeals did not address Mr. Canela's other assignments of error, directing instead that they could be argued at the trial court on remand.

[2] The facts are largely irrelevant to the legal issue presented in this case but are summarized here.

[3] Ms. Cadenas Quintero testified that this phrase referred to dismissal from a gang, implying that Mr. Garcia had "snitched on somebody or something." 1 Report of Proceedings (Oct. 16, 24-26, 29-30, 2018) at 301.

*State v. Canela*, No. 100029-4

According to Ms. Cadenas Quintero, Mr. Canela "smirk[ed]" and ran away. 1 Report of Proceedings (Oct. 16, 24-26, 29-30, 2018) (RP) at 294.

Three other people witnessed the shooting. Two teenaged boys heard the gunshots and saw a man wearing a gray hoodie and blue jeans as he ran away down an alley. Another witness, Josef Stueckle, spoke with Mr. Canela and Mr. Garcia shortly before the shooting, offering them cigarettes. He then entered a friend's adjacent apartment to return a borrowed lighter and reemerged to hear Mr. Canela shout, "[W]eren't you X[-]ed out?" 1 RP at 333. Mr. Stueckle observed Mr. Canela firing shots in his direction as Mr. Garcia fell to the ground.

All four witnesses remained at the scene and gave statements to the police. Both Ms. Cadenas Quintero and Mr. Stueckle were able to identify Mr. Canela as the shooter. Mr. Garcia, shot twice, was transported to the hospital and survived the shooting.

Later that day, police located Mr. Canela at an apartment located a few blocks away. After obtaining a search warrant for the apartment, police found a gray hoodie and a .22 caliber revolver with a leather holster hidden in a toilet tank. Three other guns were found in a wall cutout behind the bathroom mirror.

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Canela*, No. 100029-4

Mr. Canela was charged with one count of attempted first degree murder and one count of unlawful possession of a firearm in the second degree. The amended charging document for attempted first degree murder at issue here read as follows:

<u>COUNT I</u>
ATTEMPTED MURDER IN THE FIRST DEGREE, [RCW 9A.28.020(1) AND 9A.32.030(1)(a)], A CLASS A FELONY, maximum penalty of LIFE and $50,000, committed as follows:
That the said Daviel Davis Canela in the County of Franklin, State of Washington, on or about March 29, 2018, then and there, with intent to commit the crime of Murder in the First Degree, committed an act, to wit: did shoot the victim with a handgun, which was a substantial step toward that crime.

Clerk's Papers (CP) at 9 (alteration in original). Mr. Canela did not object to the amended information in the trial court.

The trial court instructed the jury that in order to convict Mr. Canela of attempted first degree murder they needed to find

(1) That on or about March 29, 2018, the defendant did an act that was a substantial step toward the commission of Murder in the First Degree,
(2) That the act was done with the intent to commit Murder in the First Degree; and
(3) That the act occurred in the State of Washington.

CP at 27. The jury was also provided the definition of "first degree murder": a person "commits the crime of murder in the first degree when, with a premeditated intent to cause the death of another person, he or she causes the death of such person or of a third person." CP at 24. The jury found Mr. Canela guilty of both attempted first degree murder and second degree unlawful possession of a firearm.

4

*State v. Canela*, No. 100029-4

On appeal, Mr. Canela made 12 assignments of error.[4] He argued that (1) the State had not made a timely disclosure of witness contact information and criminal histories, (2) the State had failed to disclose Mr. Stueckle's entire criminal history,[5] (3) the prosecutor had committed misconduct during closing arguments by citing information not in evidence, (4) the trial court had erred in not instructing the jury on unanimity as to which firearm was used by the defendant, (5) cumulative error had deprived Mr. Canela of a fair trial, (6) due to a missing stipulation, the firearm conviction was not supported by sufficient evidence, (7) the trial court erred in ordering Mr. Canela to have no contact with known gang members, (8) the trial court erred by ordering Mr. Canela to possess no "gang paraphernalia," (9) the trial court erred by ordering Mr. Canela to pay supervision fees as a community custody condition, (10) the trial court erred in ordering interest to accrue on nonrestitution legal fees, (11) the Washington Supreme Court's holding in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), required resentencing due to Mr. Canela's offender score incorporating a prior conviction for simple drug possession, and

---

[4] Two of the assignments of error—that there was an error in Mr. Canela's offender score and, notably, that the charging document was constitutionally inadequate due to the omission of premeditation—were not included in the initial brief to the Court of Appeals. They were made in supplemental briefs prior to the Court of Appeals decision.

[5] Mr. Canela had previously moved for a new trial regarding these first two assignments of error. Following oral arguments, the trial court found misconduct by the State but concluded that Mr. Canela had failed to show these violations materially affected his right to a fair trial.

*State v. Canela*, No. 100029-4

(12) the charging document was constitutionally defective as to the charge of attempted first degree murder.

The Court of Appeals agreed with Mr. Canela regarding error in the charging document. Relying on language in *State v. Vangerpen*, 125 Wn.2d 782, 888 P.2d 1177 (1995), and the holding of *State v. Murry*, 13 Wn. App. 2d 542, 465 P.3d 330, *review denied*, 196 Wn.2d 1018 (2020), *cert. denied*, 141 S. Ct. 1502 (2021), the Court of Appeals found that premeditation was "an element of first degree attempted murder for *charging purposes*, if not for conviction purposes." *State v. Canela*, No. 36763-1-III, slip op. at 12 (Wash. Ct. App. May 6, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/367631_unp.pdf. The Court of Appeals noted that premeditation was not an element of the crime of attempted murder in the first degree but reasoned that, for charging purposes, omission of premeditation meant that an information "'would fail to state a crime.'" *Canela*, slip op. at 14 (quoting *Murry*, 13 Wn. App. 2d at 553). Based on this, the Court of Appeals reversed Mr. Canela's conviction for attempted first degree murder without prejudice to refile.[6]

---

[6] The Court of Appeals concluded that there was no reversible error for the State's failure to provide witness information and criminal histories and that Mr. Canela had waived any objection to the prosecutor's improper reference to facts outside of evidence. *Canela*, slip op. at 24, 26. Additionally, the Court of Appeals affirmed the firearms conviction and found no cumulative error. *Canela*, slip op. at 34, 11 n.2. The Court of Appeals remanded the challenges to community custody conditions, costs, and offender score to the trial court to be raised at Mr. Canela's resentencing, noting that the State had conceded error on all of these issues except for the community custody supervision fees. Resp. to Suppl. Br. re *State v. Blake* at 1 (Wash. Ct.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Canela*, No. 100029-4

The State filed a motion for reconsideration—citing this court's March 18, 2021, decision in *State v. Orn*, 197 Wn.2d 343, 482 P.3d 913 (2021). The State submitted the case to the court as an additional authority on March 24, but the Court of Appeals opinion did not reference *Orn*. In its motion, the State argued that *Orn* clarified the law by expressly defining the essential elements of attempted first degree murder as requiring only intent to commit a crime and taking a substantial step. The Court of Appeals denied the motion.

Both Mr. Canela and the State petitioned for review of the Court of Appeals decision. We accepted review on the State's petition.[7]

## ANALYSIS

We review allegations of constitutional violations—such as inadequate charging in an information—de novo. *State v. Siers*, 174 Wn.2d 269, 273-74, 274 P.3d 358 (2012).

---

App. No. 36763-1-III (2021)); Resp't's Br. (Wash. Ct. App. No. 36763-1-III (2020)) at 37, 38-39.

[7] Mr. Canela sought review on several issues, including (1) whether the failure of the State to provide Mr. Stueckle's criminal history prior to trial resulted in a due process violation, (2) whether Mr. Stueckle's undiscovered criminal history was material impeachment evidence requiring a new trial, (3) whether the prosecutor's reference to matters outside of evidence during closing deprived Mr. Canela of a fair trial, (4) whether a combination of errors cumulatively deprived Mr. Canela of a fair trial, and (5) whether due process and the law of the case doctrine required reversal of the jury's verdict on the firearm count.

*State v. Canela*, No. 100029-4

The standards for adequacy of a charging document are determined under the Sixth Amendment to the United States Constitution, under article I, section 22 of the Washington Constitution, and by Superior Court Criminal Rule (CrR) 2.1. Under the Sixth Amendment, an accused person in a criminal prosecution "shall enjoy the right . . . to be informed of the nature and cause of the accusation." Article I, section 22 of the state constitution similarly authorizes "the right . . . to demand the nature and cause of the accusation against him, to have a copy thereof." CrR 2.1(a) specifies that an information "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

These standards have led to the development of the "essential elements" rule. The rule establishes that, to be constitutionally adequate, a charging document must contain all essential elements of the charged crime. Essential elements are those elements of a crime "'necessary to establish the very illegality of the behavior charged.'" *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (internal quotation marks omitted) (quoting *State v. Ward*, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)). The main purpose of the essential elements rule "is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against." *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991).

A defendant may raise an objection to charging documents at any time, but this court has established a presumption in favor of the validity of charging

*State v. Canela*, No. 100029-4

documents when the challenge is made after conclusion of the trial. In *Kjorsvik*, we set out a two-pronged test for posttrial challenges to charging documents: "(1) [D]o the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?" 117 Wn.2d at 105-06. Since Mr. Canela raised this issue for the first time in the Court of Appeals, this standard applies if the information lacked any essential elements or facts.[8]

This court dealt with the essential elements of attempted first degree murder recently in *Orn*. On appeal from Nicholas Orn's conviction for attempted first degree murder, we held that premeditation was not an essential element of attempted first degree murder when analyzing a to-convict instruction. "[W]hile a to-convict instruction for an attempt crime must contain [the] essential elements, it need not also set out the elements of the substantive crime attempted." *Orn*, 197 Wn.2d at 362. Instead, a to-convict instruction for attempt was adequate as long as a separate jury instruction defined the underlying crime. The *Orn* court held that the only "essential elements" of attempt are "'(1) intent to commit a specific crime

---

[8] However, as discussed below, *Orn* holds that premeditation is not an essential element for attempted first degree murder. We therefore need not analyze the charging documents in this case of attempted first degree murder under *Kjorsvik*. That test more appropriately applies when facts are omitted from a charging document or when a defendant was prejudiced by "inartful language" in an information. Here, we find no omissions, and Mr. Canela has not argued that he suffered prejudice at trial.

and (2) any act constituting a substantial step toward the commission of that crime.'" 197 Wn.2d at 362 (quoting *State v. Nelson*, 191 Wn.2d 61, 71, 419 P.3d 410 (2018)). When Mr. Orn requested the inclusion of "premeditation" in the jury instruction, the trial court denied the request, noting that "this would be 'redundant' because 'the definition of [first-degree] murder includes premeditation.'" *Orn*, 197 Wn.2d at 362-63 (alteration in original). This court affirmed that denial and held there was "no error" in omitting premeditation. *Orn*, 197 Wn.2d at 363.

In the present case, Mr. Canela urges us to disregard our reasoning in *Orn* and follow *Vangerpen* and *Murry* instead. In *Vangerpen*, the State had charged Mr. Vangerpen with attempted murder in the first degree after he pulled a cocked gun on a police officer during a traffic stop. While the information cited to the statutes for criminal attempt and first degree murder, no allegation of premeditation was made in the charging documents. After the State had rested its case at trial, the defendant moved to dismiss the charge based on insufficiency of the information. The prosecution agreed that premeditation should have been included in the charging document, and the court allowed the State to amend the information to include premeditation. On appeal, we held that amendment of a charging document after the State has rested its case is "per se prejudicial error." *Vangerpen*, 125 Wn.2d at 791.

*State v. Canela*, No. 100029-4

During the discussion of whether the State could amend its charging documents, we noted that the information had actually charged Mr. Vangerpen with attempted second degree murder by "accidentally omitt[ing] an element of that crime and thereby inadvertently list[ing] the statutory elements of only attempted murder in the second degree." *Vangerpen*, 125 Wn.2d at 792. Because the case focused on the prosecution's effort to amend the information to include premeditation, the issue of whether premeditation is an essential element of attempted first degree murder was neither at issue nor decided. None of the parties to the case presented arguments on why premeditation needed to be included as an essential element; all parties simply agreed on the point, not raising it as an issue.

In his arguments, Mr. Canela argues that *Vangerpen* recognized premeditation as an essential element for attempted first degree murder. However, because the actual issue and holding of *Vangerpen* focused on when charging documents could be amended, *Vangerpen* does not control when analyzing a challenge to an information.

Subsequent to *Vangerpen*, a Court of Appeals case has held that premeditation is an essential element when charging the crime of attempted murder in the first degree. In *Murry*, the State charged Roy Murry with attempted first degree murder in connection with multiple counts of aggravated first degree murder and first degree arson. Treating *Vangerpen* as controlling precedent, the

11

*State v. Canela*, No. 100029-4

Court of Appeals determined that the omission of premeditation from a charge of attempted first degree murder would "fail to state a crime." *Murry*, 13 Wn. App. 2d at 553. The Court of Appeals reasoned that, although there are three ways to commit first degree murder—premeditated murder, felony murder, and extreme indifference murder—it is only possible to *attempt* first degree premeditated murder because there is no intent to kill for either felony murder or extreme indifference murder. "Thus, a charging document that merely states that a defendant took a substantial step toward committing first degree murder would fail to state a crime unless premeditated murder was identified as the basis for the charge." *Murry*, 13 Wn. App. 2d at 553.

The *Murry* opinion did note that "premeditation actually is not an element of attempted first degree murder" but interpreted *Vangerpen* as requiring that "premeditation was an element of attempted first degree murder for charging purposes." *Murry*, 13 Wn. App. 2d at 551 (footnote omitted), 552. Therefore, despite acknowledging premeditation is not an element, the *Murry* court reversed the conviction based on its omission.

We disagree. In the present case, Mr. Canela relies on *Vangerpen* and *Murry* and draws a distinction to the holding in *Orn*. He argues that *Orn*, while correctly defining the essential elements of attempted first degree murder for the to-convict instruction, has no relevance to charging documents. Mr. Canela premises this

12

*State v. Canela*, No. 100029-4

argument on the differences between charging documents and jury instructions. Citing to this court's opinion in *State v. Porter*, Mr. Canela notes that charging documents need not "mirror pattern to-convict jury instructions" because they "serve very different purposes." 186 Wn.2d 85, 93, 375 P.3d 664 (2016).

However, to-convict instructions can provide guidelines for the essential elements required in charging documents. This is because essential elements are "essential" precisely because the jury must find that they are established by the evidence in order to convict the defendant for a crime. As this court noted in *Kjorsvik*, "[i]mposing the responsibility to include all essential elements of a crime on the prosecution should not prove unduly burdensome since the 'to convict' instructions found in the Washington Pattern Jury Instructions – Criminal (WPIC) delineate the elements of the most common crimes." 117 Wn.2d at 102 n.13 (citing 11A WASHINGTON PRACTICE: PATTERN JURY INSTRUCTIONS: CRIMINAL (1977 & Supp. 1986)). No substantive distinction exists since the essential elements required for to-convict instructions—which must be found by a jury—are typically the essential elements for charging documents.[9]

---

[9] While, in general—and in the present case—the essential elements required for to-convict instructions are the same as the essential elements required for charging documents, some cases may require more details in an information. However, even in such cases, the absence of details about the underlying crime does not render the charging documents constitutionally insufficient: "There are, of course, some cases where the specific crime intended may be material to the defendant's theory of the case . . . . Where an information does not allege the nature and extent of the crime with which the defendant is accused, so as to enable the defendant to properly prepare his or her defense, a bill of particulars is appropriate and is

13

*State v. Canela*, No. 100029-4

Mr. Canela also argues that the charging documents have "traditionally" included premeditation in informations for attempted first degree murder. In addition to citing several cases where the charging documents for attempted first degree murder did include premeditation,[10] Mr. Canela notes that the Washington Association of Prosecuting Attorneys' *Charging Manual* (2004) recommends including "the elements of the underlying criminal offense" in an information.[11] Suppl. Br. of Resp't at 16-17.

As we noted in *Orn*, where the challenge focused on the trial court's denial of the request to include premeditation in the to-convict instruction—based on redundancy—no error existed. Including premeditation or not adds nothing to the jury's decision: "[B]ecause 'the definition of [first-degree] murder includes premeditation[,]' . . . the jury could not have convicted Orn of attempted first degree murder without finding that he took a substantial step toward committing first-degree murder with the premeditated intent to cause the death of another." 197

---

specifically authorized by our court rules." *State v. Bergeron*, 105 Wn.2d 1, 18-19, 711 P.2d 1000 (1985) (footnote omitted).

[10] *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 814, 100 P.3d 291 (2004); *State v. Rhode*, 63 Wn. App. 630, 632, 821 P.2d 492 (1991); *State v. Gay*, 4 Wn. App. 834, 837, 486 P.2d 341 (1971). None of these cases make any findings as to whether premeditation is required in charging documents for attempted first degree murder. Rather, these cases reference charging documents that *do* include premeditation in the language used. Whether or not premeditation needed to be included as an essential element was not before the courts.

[11] It should be noted that the recommended language quoted by Mr. Canela refers specifically to attempted drug crimes (Mr. Canela quotes from pages 27 and 248 of the manual). The manual offers no suggested language for attempted first degree murder. *See* PAMELA B. LOGINSKY, WASH. ASS'N OF PROSECUTING ATT'YS, CHARGING MANUAL, http://waprosecutors.org/wp-content/uploads/2019/04/2004-CHARGING-MANUAL.pdf [https://perma.cc/U2VR-QS3E].

14

Wn.2d at 362-63 (second alteration in original). Thus, while it is not reversible error to include premeditation in a charging document for attempted first degree murder, it is unnecessary; neither the to-convict instructions nor the charging documents need to include premeditation as an essential element. Premeditation is part of the definition of the specific intent element for attempted first degree murder, but our case law establishes that definitions of essential elements are not required for charging documents. *See State v. Johnson*, 180 Wn.2d 295, 302, 325 P.3d 135 (2014).

Under *Kjorsvik*, a charging document must be constitutionally adequate without premeditation as an essential element. Because the Court of Appeals determined in *Murry* that charging documents for attempted first degree murder would fail to state a crime when premeditation is omitted, Mr. Canela argues that the *Kjorsvik* test is not satisfied in this case. We disagree and overrule *State v. Murry*, 13 Wn. App. 2d 542.

What is important is that a defendant be informed of the charged crime so that he or she can effectively defend against the charges. A defendant can *only* have the intent to commit *premeditated* first degree murder because the only attempted first degree murder that exists is attempted premeditated first degree murder; there cannot be a charge of attempted first degree felony murder or

15

*State v. Canela*, No. 100029-4

attempted first degree extreme indifference murder.[12] If an information charges a defendant with attempted first degree murder—naming the underlying crime and including the essential elements of attempt as defined in *Orn*—that defendant is given sufficient notice that the *only* form of underlying first degree murder is premeditated first degree murder.

Mr. Canela argues additionally that merely including the citation to the first degree murder statute and naming the underlying crime is inadequate under *State v. Pry*, 194 Wn.2d 745, 452 P.3d 536 (2019). In *Pry*, we held that an information charging a defendant with rendering criminal assistance was constitutionally deficient when the charging documents failed to include essential elements that were contained in a separate criminal statute. We held that, without those elements, citing to the statutes merely says "one commits a crime by committing a crime" and thus does not apprise the defendant of the actual, specific charge. *Pry*, 194 Wn.2d at 759.

However, the current case differs from *Pry*. Here, as discussed above, the essential elements of attempted first degree murder are present in the information—no additional elements must be added to apprise the defendant of the

---

[12] Our case law supports this conclusion. *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 867, 175 P.3d 585 (2008), held that attempted felony murder is a "nonexistent crime." *State v. Dunbar*, 117 Wn.2d 587, 594-95, 817 P.2d 1360 (1991), held that extreme indifference murder requires no specific intent to kill and therefore does not support an attempt charge.

16

*State v. Canela*, No. 100029-4

charged crime. The information at issue here, unlike the charging documents in *Pry*, is sufficient to provide notification of the illegality for the behavior charged.

Mr. Canela also argues that the charging documents must include premeditation because, at trial, the State must prove premeditation in order to secure a conviction for first degree murder. This argument conflates the standard of proof needed at trial with the requirements of charging documents. An information need only inform the defendant "of the nature and cause of the accusation"; the State does not need to prove the accusation at the charging stage. While this court has required charging documents to include facts that support the stated charges, there is no requirement above the "plain, concise and definite written statement of the essential facts." CrR 2.1(a)(1).

In the present case, the amended information included the essential elements of attempted first degree murder: intent to commit the underlying crime and a substantial step taken. The charging document identified first degree murder as the underlying crime and provided specific facts—the use of a handgun to shoot the victim—supporting the charge. We hold that the information is constitutionally adequate.

CONCLUSION

We reverse the Court of Appeals and hold that premeditation is not an essential element required in a charging document for attempted first degree

*State v. Canela*, No. 100029-4

murder. We remand to the Court of Appeals to resolve any remaining appealed

issues that were not resolved.

_____
Johnson, J.

WE CONCUR:

_____
González, C.J.

_____
Madsen, J.

_____
Owens, J.

_____
Stephens, J.

_____
Gordon McCloud, J.

_____
Yu, J.

_____
Montoya-Lewis, J.

_____
Whitener, J.