**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**

**JANUARY 26, 2023**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.   38492-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION |
| | ) |   TO PUBLISH OPINION |
| ROY H. MURRY, | ) | |
| | ) | |
| Appellant. | ) | |

THE COURT has considered the Appellant's motion to publish the court's opinion of December 15, 2022, and the record and file herein, and is of the opinion the motion should be granted.  Therefore,

IT IS ORDERED, the motion to publish is granted.  The opinion filed by the court on December 15, 2022 shall be modified on page 1 to designate it is a published opinion and on page 12 by deletion of the following language:

> A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

PANEL:  Judges Staab, Fearing, Pennell

FOR THE COURT:

_____
LAUREL SIDDOWAY)
Chief Judge

**FILED**
**DECEMBER 15, 2022**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38492-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROY H. MURRY, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Following conviction on numerous felonies, Roy Murry requested his client file from his trial attorney. The attorney released the file to Murry minus discovery. The attorney did not seek approval from the prosecutor or the court to provide Murry with redacted discovery. Murry brought a motion asking the superior court to compel release of his client file, including discovery under CrR 4.7(h)(3). The court denied Murry's motion after being advised by both the prosecutor and public defender that the rule does not allow discovery to be turned over to a defendant, and Murry was receiving the discovery through a separate public records request.

No. 38492-6-III
*State v. Murry*

We reverse.  As we held in *State v. Padgett*, 4 Wn. App. 2d 851, 424 P.3d 1235

(2018), a client is entitled to discovery contained in his client file, subject to

nonprejudicial withholdings under RPC 1.16(d) and redactions under CrR 4.7(h)(3).  In

holding that Murry's rule-based request for discovery was being adequately addressed by

a separate public records request, the superior court abused its discretion.

BACKGROUND

Following his conviction in 2017 on three counts of premeditated murder in the

first degree, attempted murder in the first degree, and first degree arson, Roy Murry sent a

letter to the Spokane County Public Defender's Office requesting an extensive list of

records including "[a]ll discovery materials" for his superior court case number.  Clerk's

Papers (CP) at 75.  Attorney Matthew Harget responded to Murry's request by providing

copies of everything in Murry's client file except discovery, explaining that neither the

Public Records Act (PRA), chapter 42.56 RCW, nor CrR 4.7 allow a former defense

attorney to provide his client with discovery.

Later that month, Murry wrote again to Mr. Harget requesting copies of warrants.

Mr. Harget refused to provide the documents, explaining that "the nearly 200 pages of

documents I sent you represent your entire client file and everything that I am legally

2

No. 38492-6-III
*State v. Murry*

allowed to give you and to which you are entitled to have under the court rules and

WSBA [Washington State Bar Association] guidelines." CP at 82.

In late 2020, Murry proceeded to file pro se motions with the superior court

seeking a copy of "his discovery" according to CrR 4.7(h)(3). CP at 50-51. Both motions

were denied by the court in an order indicating that Murry failed to provide notice to

necessary parties. Murry does not appeal from these orders.

On June 4, 2020, this court issued a decision in Murry's direct appeal. *See State v.*

*Murry*, 13 Wn. App. 2d 542, 465 P.3d 330 (2020), *overruled in part by State v. Canela*,

199 Wn.2d 321, 505 P.3d 1166 (2022). This court affirmed the majority of Murry's

convictions, but reversed and remanded the conviction for attempted first degree murder.

*Id*. at 553.

In January 2021, Lana Murry (Roy Murry's mother) sent a PRA request to the

Spokane County Sheriff's Office under her own name requesting "ALL incident/police

reports, audio, digital, photo, CAD pertaining to incident #15-173100." CP at 89. The

sheriff's office responded and began to send the mother record installments. Murry

claims that the request was filed on his behalf. The record does not reflect any other PRA

requests sent to any other agency either by Murry or his mother.

3

No. 38492-6-III
*State v. Murry*

In August 2021, more than three years after his initial conviction, Murry filed another pro se "motion to compel production of client file and discovery materials" specifically citing CrR 4.7(h)(3) and *Padgett*, and requesting "that he be provided with access to all discovery materials in the above [c]ause [n]umber." CP at 103-04. The motion was accompanied by a supporting declaration with exhibits and a proposed order. In his motion, Murry asserted that he needed "timely access" to discovery to perfect a personal restraint petition. CP at 105. The prosecutor responded that the defense attorney client file had already been provided under CrR 4.7(h)(3), and that good cause had not been shown to require the prosecutor's office to provide more discovery directly to Murry under *In re Personal Restraint of Gentry*, 137 Wn.2d 378, 972 P.2d 1250 (1999).

On September 21, 2021, the superior court held a hearing on the CrR 4.7(h)(3) motion. After noting that Murry had received his client file, and was receiving discovery by way of a PRA request, the court asked Murry to clarify what he was missing. Murry indicated that he needed the discovery. He explained that he needed to file his personal restraint petition by "next March," but at the rate he was receiving discovery under the PRA request, it would take "roughly 80 months" to receive it from the sheriff's office, and there may be discovery in the prosecutor's file that was not included in the sheriff's file. Report of Proceedings (RP) at 8.

4

No. 38492-6-III
*State v. Murry*

When questioned, Mr. Harget advised the court that "Discovery Rule [CrR] 4.7, doesn't allow us to turn over discovery to a client," and everything in the file other than discovery had already been provided to Murry. RP at 9-10. The prosecutor agreed with Mr. Harget. The superior court apparently accepted these assertions because it characterized Murry's motion as a request to speed up production of discovery through the PRA request. Ultimately, the court determined that Murry had received everything in the client file that he was entitled to, and there was no evidence that his records request for discovery could be provided any sooner.

> I am denying the motion, but obviously you are still entitled to discovery
> through a public records request. You have requested your client file from
> the public defender's office and have *already received what they can
> provide*, so there's really nothing for this Court to order on that request
> without something further as to what it is that you might be missing.

RP at 19 (emphasis added).

Murry filed this appeal, seeking review of the superior court's "oral decision" from September 21, 2021, without citing the written order entered the same day.

## ANALYSIS

As a preliminary matter, the State raises two arguments as to why we should decline to consider Murry's appeal. First, the State argues that Murry's notice of appeal cites to the superior court's oral decision instead of the written order; and second,

5

No. 38492-6-III
*State v. Murry*

the State argues that the order is interlocutory in nature and not subject to appeal.

We disagree.

The State maintains that an oral decision is not appealable and Murry's failure to attach or designate the written order is fatal. A notice of appeal from superior court must "designate the decision or part of decision which the party wants reviewed." RAP 5.3(a). The appellant should attach the signed order from which the appeal is being made to the notice of appeal. *Id*. Murry's pro se notice of appeal indicates he is seeking review of the superior court's "order denying his motion to compel production of client file and discovery materials," which was issued orally on September 21, 2021. CP at 115 (capitalization omitted). The written order on the motion was filed the same day. On the signature line for the defendant on the order, it indicates "Defendant appeared by zoom." CP at 114. There is nothing in the record showing that Murry received a copy of the written order.

It is clear from the notice of appeal that Murry is appealing from the superior court's order denying his motion to obtain discovery. We disagree with the State's hypertechnical reading of the notice, which attempts to construe the oral decision as different from the written decision. *See* RAP 1.2(a). Nor does the State cite any authority

6

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38492-6-III
*State v. Murry*

supporting its position that the failure to attach the court's written decision is jurisdictionally fatal.

The State also argues that the order denying Murry's motion to produce the discovery contained in his client file is not a "final order" as defined by RAP 2.2(a)(13), and therefore not appealable as a matter of right under RAP 2.2(a)(1). Generally, a motion to compel discovery under CrR 4.7 is interlocutory in nature because the case is still pending when the order is denied. Murry's motion was filed postconviction. Under RAP 2.2(a)(13), a party may appeal a final order made after judgment that affects a substantial right. While acknowledging that Murry's motion is postconviction, the State nevertheless contends that it is still interlocutory, noting that Murry had twice filed the motion and nothing prevented him from filing it again.

While RAP 2.2(a) and other case law may support the conclusion that such a "decision" lacks finality because the motion in question can be brought repeatedly, such a technical approach is imprudent here. Judicial efficiency lends itself to a decision on the factual merits of the appeal as set forth by the parties rather than to deflect on the finality issue and force Murry to file a duplicative motion for discretionary review or additional trial motions with the same goal. RAP 1.2(a); RAP 2.2(a)(13); *Grein v. La Pomma*, 47 Wn.2d 40, 41, 286 P.2d 87 (1955).

7

No. 38492-6-III
*State v. Murry*

Turning to the merits of the appeal, Murry alleges that the superior court abused its discretion by failing to determine that CrR 4.7 allows discovery held in a client file to be released to a defendant upon court order. In general, we review discovery decisions based on CrR 4.7 for abuse of discretion. *State v. Asaeli*, 17 Wn. App. 2d 697, 699, 491 P.3d 245, *review denied*, 198 Wn.2d 1026, 498 P.3d 955 (2021). A trial court's discretionary decision "is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)). Construction of court procedural rules is a legal matter reviewed de novo. *Padgett*, 4 Wn. App. 2d at 854.

In support of his pro se motion for release of the discovery contained in his attorney's file, Murry cited CrR 4.7 and this court's decision in *Padgett*. CrR 4.7(h)(3) authorizes defense counsel "to provide discovery materials to a defendant 'after making appropriate redactions which are approved by the prosecuting authority or order of the court.'" *Padgett*, 4 Wn. App. 2d at 854 (quoting CrR 4.7(h)(3)). The Rules of Professional Conduct (RPC) also require defense counsel to release the file. *Id.* (citing RPC 1.16(d)). "[S]ome sort of disclosure must be made when a criminal defendant

8

No. 38492-6-III
*State v. Murry*

requests copies of his or her client file *and relevant discovery* at the conclusion of representation." *Id.* at 854 (emphasis added). Disclosure is not unlimited. *Id.* "[T]rial counsel, the prosecutor, and the trial court may take precautions and redact and withhold information as needed to protect the victims . . . provided these measures do not prejudice [the defendant]." *Id.* at 856.

To be clear, CrR 4.7(h)(3) creates obligations for the defense attorney and not the prosecutor. *State v. Woodward*, No. 51178-9-II, slip op. at 2- 3 (Wash. Ct. App. Jun. 18, 2019) (unpublished) (defense attorney no longer had file and motion for duplicate discovery from the prosecution was denied), https://www.courts.wa.gov/opinions/pdf /D2%2051178-9-II%20Unpublished%20Opinion.pdf. Upon request by a defendant, defense counsel shall provide a client's file, including discovery, after making appropriate redactions and approval of the prosecutor. Any disagreements will be decided by the superior court on motion filed in the criminal case.

In *Padgett*, the postconviction defendant requested his client file including discovery and a privilege log explaining why any information was withheld or redacted. 4 Wn. App. 2d at 853. The trial court denied the defendant's motion in part because he failed to explain why he needed the information. *Id.* at 854. The motion denial was reversed on review because such showing of need is not required for disclosure. *Id.*

9

No. 38492-6-III
*State v. Murry*

"[T]he trial court was obliged to grant [the defendant's] motion for disclosure of his client file and discovery materials, subject to nonprejudicial withholdings under RPC 1.16(d) and redactions under CrR 4.7(h)(3)." *Id.* at 855.

Through his CrR 4.7(h)(3) motion, Murry's ultimate goal was to obtain the "discovery" material held by his defense attorney, Matthew Harget. Murry had previously received some portion of his client file but Mr. Harget's letter clearly indicated that he was withholding "discovery" in its entirety because it had not been redacted. Mr. Harget further refused to seek redaction from the prosecutor's office because he claimed to no longer represent Murry. This position is contrary to the requirements of CrR 4.7(h)(3) and RPC 1.16(d).

The State argues that CrR 4.7 does not apply to Murry's postconviction motion for discovery, citing *Asaeli*, 17 Wn. App. 2d at 699. In *Asaeli*, the defendant sought to compel the State to produce discovery materials related to his conviction, which had become final 10 years earlier. Without acknowledging our decision in *Padgett*, Division Two of this court held that because CrR 4.7 appears in Title 4 of the Superior Court Criminal Rules, which is titled "'Procedures Prior to Trial,'" the rule applied to only pretrial requests for discovery. *Id.* at 700. *Asaeli* is distinguishable because Murry is not seeking discovery from the State but from his own file held by his attorney. As we

10

No. 38492-6-III
*State v. Murry*

recognized in *Padgett*, when a defendant requests his own client file, RPC 1.16(d) requires defense counsel to "'surrender papers and property to which the client is entitled' upon termination of representation unless retention is 'permitted by other law.'" *Padgett*, 4 Wn. App. 2d at 854 (quoting RPC 1.16(d)).

The State also asserts that Murry was required to make a motion for production of discovery pursuant to *Gentry*. In *Gentry*, the defendant filed numerous postconviction motions for discovery, including requests to depose the former prosecutor and several deputy prosecutors. He also sought state funding for an investigator and expert to assist with his personal restraint petition. *Gentry*, 137 Wn.2d at 390. The Supreme Court affirmed denial of these motions, holding that due process did not entitle postconviction defendants to conduct discovery except when good cause was shown. *Id*. at 391. *Gentry* is distinguishable where Murry is not seeking to conduct discovery, he is simply asking for the discovery materials in his own client file.

The superior court failed to consider CrR 4.7(h)(3) as interpreted by *Padgett*. Instead, the court implicitly held that Murry was not entitled to discovery from his client file under the rule, and only entitled discovery through a public records request. The superior court abused its discretion by failing to require defense counsel to seek redaction and turn over discovery contained in the client file. Since we resolve this issue under the

11

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38492-6-III
*State v. Murry*

rule, we decline to address Murry's claim that failure to turn over discovery was a violation his constitutional rights. *State v. Smith*, 104 Wn.2d 497, 505, 707 P.2d 1306 (1985).

Reverse and remand.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Pennell, J.

_____
Fearing, J.

12