IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36763-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIEL DAVIS CANELA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Daviel Canela's appeal returns to us following a decision by

the Washington Supreme Court that a statement in *State v. Vangerpen*, 125 Wn.2d 782,

791, 888 P.2d 1177 (1995), on which this court relied in *State v. Murry*, 13 Wn. App. 2d

542, 465 P.3d 330 (2020), and in Mr. Canela's appeal[1] was dictum, and incorrect.  *State*

*v. Canela*, 199 Wn.2d 321, 330-31, 505 P.3d 1166 (2022) (*Canela* II).  In *Vangerpen*, the

court stated that the State failed to charge an essential element of attempted first degree

murder when it failed to allege premeditation.  This court had recognized that

premeditation is not an element of the attempt crime for purposes of *jury instruction*, but

---

[1] *State v. Canela*, No. 36763-1-III (Wash. Ct. App. May 6, 2021) (unpublished)
(*Canela* I), http://www.courts.wa.gov/opinions/pdf/367631_unp.pdf.

reconciled *Vangerpen* by construing it to be an element for charging purposes only. *Murry*, 13 Wn. App. 2d at 552; *Canela* I, slip op. at 13-15 (citing *Murry*). In addition to reversing our decision on that issue in Mr. Canela's case, the Supreme Court overruled *Murry*.

We had reversed Mr. Canela's conviction for attempted first degree murder without prejudice to refiling, leaving him convicted of only second degree unlawful possession of a firearm. *Canela* I, slip op. at 1. In reinstating Mr. Canela's attempted murder conviction, the Supreme Court directed us to "resolve any remaining appealed issues that were not resolved." *Canela* II, 199 Wn.2d at 336.

Resentencing is required in light of the fact that Mr. Canela's offender score at his 2019 sentencing included a point for a prior simple possession of a controlled substance conviction, which is no longer a valid conviction following *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). We accept State concessions on two of the unresolved issues, decide the others, and remand with directions to engage in a resentencing at which (1) Mr. Canela's offender score shall be calculated without counting his controlled substance possession conviction, (2) two gang-related community custody conditions imposed by his prior judgment and sentence shall be struck or not imposed, (3) if Mr. Canela remains indigent, the judgment and sentence shall be modified or drafted to provide that interest shall accrue only on any restitution imposed, not his other legal financial obligations

(LFOs), and (4) a community custody condition requiring payment of supervision fees as determined by the Department of Corrections (DOC) shall be struck or not imposed.

FACTS AND PROCEDURAL BACKGROUND

On an afternoon in March 2018, Pasco police officers responded to calls reporting that someone had been shot outside an apartment complex. The victim, Victor Garcia, had been shot twice by Daviel Canela, but survived.

There were four eyewitnesses to the shooting: Zeima Cadenas Quintero, Mr. Garcia's girlfriend, who had been on the street with Mr. Garcia when they saw Mr. Canela, who they knew; two 16-year-old high school friends, who were on their way from a grocery store to one of the teen's homes; and Josef Stueckle, who, while smoking outside a friend's apartment, had spoken with Mr. Canela and Mr. Garcia and offered them cigarettes.

Information from the witnesses led the responding officers to look for Mr. Canela at his friend's apartment a few blocks away, where they located him. After obtaining a search warrant for the apartment, police found a .22 caliber revolver in a leather holster hidden in the toilet tank. Other guns were found in a cutout in the wall that was located behind the bathroom mirror. Police located a gray hooded sweatshirt in a bedroom located next to the bathroom where the guns were found; both of the teen-aged witnesses had described Mr. Garcia's shooter as wearing a gray hoodie.

No. 36763-1-III
*State v. Canela*

Mr. Canela was charged with one count of attempted first degree murder and one count of unlawful possession of a firearm in the second degree. The jury found Mr. Canela guilty as charged. A motion for a new trial was denied.

At sentencing, the trial court imposed a sentence of 276 months for the attempted murder count and 29 months for the unlawful possession of a firearm count, to run concurrently. It imposed 36 months' community custody for the firearm enhancement associated with the attempted murder. It imposed a $500 victim's assessment that the judgment and sentence provided would be interest-bearing, and the judgment and sentence included preprinted language requiring Mr. Canela to pay supervision fees as determined by the DOC. The court had said during the sentencing hearing that other than the crime victim's assessment and restitution, it would not impose any further fines, fees, or costs.

Mr. Canela filed a notice of appeal and obtained an order of indigency on the day he was sentenced. In addition to the customary briefing, we granted two motions by Mr. Canela to brief additional issues supplementally.

ANALYSIS

Between his opening brief and the two supplemental briefs authorized by this court, Mr. Canela made a dozen assignments of error. In our original opinion, we addressed all of the errors alleged to have occurred at trial. Since the resentencing would

4

No. 36763-1-III
*State v. Canela*

be for only one conviction, and a less serious one, we declined to reach sentencing issues that we held could be raised and argued at resentencing.

In the 10 months between our decision and the Supreme Court's reversal in part the trial and sentencing judge retired, so we provide more direction on the resentencing than we might have otherwise.

I.   RESENTENCING IS WARRANTED FOLLOWING *BLAKE*

In supplemental briefing, Mr. Canela pointed out that his offender score at his 2019 sentencing was calculated based on a criminal history that included a 2015 conviction for possession of a controlled substance, which, following *Blake*, is void. *Blake*, 197 Wn.2d at 195. *Blake* declared unconstitutional the statute criminalizing simple possession of a controlled substance (former RCW 69.50.4013 (2017)) because it criminalized innocent and passive possession. 197 Wn.2d at 183. The State concedes that Mr. Canela is entitled to have his simple possession conviction vacated and that we should remand for resentencing.

II.  TWO GANG-RELATED COMMUNITY CUSTODY CONDITIONS SHOULD BE STRUCK OR NOT IMPOSED

Mr. Canela challenged community custody conditions restricting his association with "known gang members" and his possession of "gang paraphernalia" as constitutionally overbroad and vague. The conditions appear at page 10 of his judgment

5

and sentence. The State responded that it would agree to strike the two conditions based on the cases cited by Mr. Canela.

This court previously concluded that a condition imposed by a juvenile court that forbade the defendant from possessing "gang paraphernalia" was unconstitutionally vague. *State v. Villano*, 166 Wn. App. 142, 144, 272 P.3d 255 (2012). And Mr. Canela points out that "gang member" is broad enough to include individuals who associate for reasons other than engaging in crime or violence.

We accept the State's concession and order the two conditions to be struck or not reimposed.

III.    INTEREST IMPOSED BY THE JUDGMENT AND SENTENCE SHOULD APPLY ONLY TO RESTITUTION

Mr. Canela challenges preprinted language in the judgment and sentence form stating that "[t]he financial obligations imposed in this judgment shall bear interest from the date of the Judgment until payment in full, at the rate applicable to civil judgments." Clerk's Papers (CP) at 84 (Section 4.1). The State responds that it has no objection to the judgment and sentence being clarified to indicate that interest will be imposed only on restitution. In entering the judgment and sentence, the court indicated at page 6 that restitution may be set by later order of the court.

As of June 7, 2018, penalties, fines, bail forfeitures, fees, and costs imposed against a defendant in a criminal proceeding do not accrue interest. RCW 3.50.100(4)(b);

No. 36763-1-III
*State v. Canela*

*State v. Dillon*, 12 Wn. App. 2d 133, 153, 456 P.3d 1199, *review denied*, 195 Wn.2d 1022, 464 P.3d 198 (2020).  We accept the State's concession and order the interest provision to be revised to apply only to any restitution that was ordered.

IV.    SUPERVISORY FEES SHOULD BE STRUCK OR NOT IMPOSED

Mr. Canela submits that the trial court intended to impose only mandatory LFOs, so preprinted language at page 9 of the judgment and sentence requiring him to pay supervision fees as determined by the DOC should be struck as an oversight.  The State responds that supervision fees are not a cost, and should not be struck.

Since the filing of the parties' briefs, the legislature has amended RCW 9.94A.703 to remove a condition, waivable by the trial court at sentencing, that defendants pay supervision fees.  This court has held that the amended statute applies prospectively to cases on direct appeal.  *State v. Wemhoff*, No. 38371-7-III, slip op. at 5 (Wash. Ct. App. Nov. 3, 2022), http://www.courts.wa.gov.opinions/pdf/383717_pub.pdf.  In the interest of judicial economy, we rely on that basis to direct the trial court to strike or not impose a requirement to pay supervisory fees.

We remand with directions to engage in a resentencing at which (1) Mr. Canela's offender score shall be calculated without counting his controlled substance possession conviction, (2) two gang-related community custody conditions imposed by his prior judgment and sentence shall be struck or not imposed, (3) if Mr. Canela remains indigent, the judgment and sentence shall be modified or drafted to provide that interest shall

7

No. 36763-1-III
*State v. Canela*

accrue only on any restitution imposed, not his other LFOs, and (4) the community

custody condition requiring payment of supervision fees as determined by the DOC shall

be struck or not imposed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, C.J.

WE CONCUR:


_____
Fearing, J.


_____
Staab, J.